MARY P. HOOK as Trustee, Respondent, v. DANIEL PRATT et al. as Executors, etc., Appellants.

Where an indorsement of a negotiable bill purports to pass the title thereto from the indorser, and to divest him of all beneficial interest therein, a consideration for the transfer is presumed, and the burden of proving want of consideration rests upon the party alleging it.

The restrictive indorsements which are held to negative the presumption of a consideration, are such as indicate that they are not intended to pass title, but merely to enable the indorsee to collect for the benefit of the indorser. An indorsement to one person for the benefit of another affords no such indication.

H., defendants' testator, drew a draft on the treasurer of the M. R. C. Co., payable to his own order. He indorsed it, "Pay to the order of Mrs. Mary Hook, 35 King, for the benefit of her son Charlie." In an action upon the draft, *held*, that the indorsement imported a consideration, and its effect was simply to give notice of the interest of the beneficiary named.

An undertaking upon the part of the putative father of an illegitimate child, to pay to the mother a sum of money for the support of the child, is not illegal; and the obligation may be taken by the mother, payable to herself in her own right, or for the benefit of the child.

(Argued September 28, 1879; decided October 14, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 14 Hun, 396.)

This action was brought by plaintiff, as trustee of Charles H. Hook, against defendants, as executors of the will of James P. Haskin, deceased, upon a draft signed and indorsed by said testator, of which the following is a copy:

"$5,000.    SYRACUSE, N. Y., *September* 13, 1872.

"Orrin Welch, Treasurer Morris Run Coal Co. Pay to the order of myself, one year after date, five thousand dollars; for value received.

"(Signed),    J. P. HASKIN.

"Indorsed—Pay to the order of Mrs. Mary Hook, 35 King, for the benefit of her son Charlie.

"(Signed),    J. P. HASKIN."

Defendants waived demand upon the drawee and notice of protest. Upon the trial defendants' counsel moved for a non-suit, in substance, upon the ground that the indorsement was restrictive and did not import a consideration, but imported a gift. The motion was denied and said counsel excepted.

It was then admitted by plaintiff's counsel, that Charles H. Hook, the *cestui que trust*, and the "Charlie" referred to in the indorsement, was a boy some seven or eight years old at the date of the draft, that he was claimed by plaintiff to be the illegitimate son of defendants' testator, which claim was admitted by said Haskin; that plaintiff was at the date of said draft a married woman, living in the city of Rochester with her husband, who is made a party defendant, and was married not long before the draft was drawn. The boy lived with her and was taken care of by her. A motion was again made for a nonsuit, which was denied, and defendants' counsel excepted.

*Daniel Pratt*, for appellants. Every absolute indorsement of a bill of exchange imports a consideration from the indorsee to the indorser; but in order that this quality should attend the instrument it should be for the payment of money only, absolutely and at all events. (3 Kent Com., 74; 1 Daniel on Bills, 2; Chitty on Bills, 152, 154, 157, 218, 219; Story on Prom. Notes, § 128; *Dean* v. *Hall*, 17 Wend., 221; *Overton* v. *Tyler*, 3 Penn., 346.) A bill of exchange, in case of a restrictive indorsement, ceases to be further nego-tiable, imports no consideration from the indorsee to the indorser, nor does it imply any promise to pay. (Daniel on Bills, 515; Edwards on Bill, 69; Byle on Bills, 208; Ross on Bills, 279; Story on Bills, §§ 111, 112; Bayley on Bills, 107; Chitty on Bills, 258, 259; 3 Kent, 92; *Power* v. *Finnie*, 4 Call, 411; *Wilson* v. *Holmes*, 5 Mass., 543; *Sigourney* v. *Loyd*, 8 B. & C., 622; *Truettel* v. *Barandan*, 8 Taunt., 100; *Anchor* v. *Bk. of England*, Doug., 637; *Blaine* v. *Baum*, 11 Rhode I. R.; *Edie* v. *East India Co.*, 1216, 1227; *Hal-liday* v. *Atkinson et al.*, 5 B. & C., 501; *Sweeney* v. *Easler*,

Statement of case.

1 Wal., 166; *Avertts' Adm.* v. *Hooker*, 15 Grattan; 163; *Brown* v. *Jackson*, 1 Wash. C. C. R., 512; 1 Atkyns, 247.) The indorsement of the note in suit is restrictive. (*Edie* v. *East India Co.*, 2 Burr., 1227; Daniel on Bills, 127; 3 Kent's Com., 92; 3 Mass., 228; Chitty on Bills, 220; *Avertts* v. *Hooker*, 15 Grat., 170; *Halliday* v. *Atkinson*, 5 B. & C., 501; *Wait* v. *Day*, 4 Den., 439; *Moncrief* v. *Ely*, 19 Wend., 405.) If the draft in suit be deemed given in consideration of past illicit cohabitation it is void. (Parson on Cont. [4th ed.], 361; 1 Story on Cont., § 543; *Beaumont* v. *Reeve*, 8 B. & C. [N. S.], 483; *Eastwood* v. *Kenyon*, 11 A. & E., 438.) It was also void as a promise to provide for the future support of the child. (*Moncrief* v. *Ely*, 19 Wend., 405; *Birdsall* v. *Edgerton*, 25 id., 619; 1 Car. & P., 268; Reeves' Dom. Rel., 277; 2 Kent, 216.) As a gift or donation it was void for the want of a consideration. (*Harris* v. *Clark*, 3 Com., 93; *Fink* v. *Cox*, 18 J. R., 145; *Phelps* v. *Phelps*, 28 B., 121; *Halliday* v. *Atkinson*, 5 B. & C., 501.)

*Irving G. Vann*, for respondent. The bill in suit being negotiable on its face a consideration was implied, and it was not necessary for the holder to allege or prove any consideration. (Edwards on Bills and Prom. Notes, 165; *U. S.* v. *White*, 2 Hill, 59; *Warren* v. *Lynch*, 5 J. R., 239; *Central Bk. Brooklyn* v. *Lang*, 1 Bosw., 202; *Plets* v. *Johnson*, 3 Hill, 112; Bayley on Bills, 67; Edwards on Bills, 166; 1 R. S., 768, § 8; *Smith* v. *Gardner*, 4 Bosw., 54; *Bigelow* v. *Colton*, 13 Gray, 309; *Bush* v. *Seaton*, 4 Ind., 522; *Bank of Orleans* v. *Barry*, 1 Den., 118; *Bank of Troy* v. *Topping*, 13 Wend., 557; *Lines* v. *Smith*, 4 Fa., 47; *Jerome* v. *Whitney*, 7 J. R., 321; 1 Parsons on Bills, 227; 1 Daniels on Neg. Inst., 161.) The bill and the indorsement read together express a consideration. (Bayley on Bills, 40; Chitty on Bills, 182, 183; Thompson on Bills, 86–101; Story on Bills, §§ 49–181; 3 Kent, 77; *Jerome* v. *Whitney*, 7 J. R., 321; *Van Stapharst* v. *Pearce*, 4 Mass., 258; *Heylyn* v. *Adamson*, 12 Burr., 669; Parsons on Bills and Prom. Notes, 266.) The

fact that the note was given to the mother of an illegitimate child, by its putative father, for its support, was a sufficient consideration. (*Hicks* v. *Gregory*, 8 C. B., 378; *Smith* v. *Roche*, 6 id. [N. S.], 223; *Haskett* v. *Gowing*, 5 Esp., 131; *In re Plaskett*, 37 L. J. Chan., 606; *Cameron* v. *Baker*, 1 C. & P., 268; *Nichols* v. *Allen*, 3 id., 36; *Jennings* v. *Brown*, 9 Mees. & Welsby, 496; *Linegar* v. *Hood*, 17 Law Jour. [Com. P.]; *Bunn* v. *Winthrop*, 1 J. Ch., 329; *Knolman* v. *Bluett*, 9 L. R. [Exch.], 1; *Magee* v. *Farnel*, 5 W. & L., 579; *Furrilio* v. *Crowther*, 7 Dow. & R., 612; *Wiggins* v. *Keezer*, 6 Ind., 254; *Limeegar* v. *Hood*, 5 C. D., 437; *Moncriff* v. *Ely*, 9 Wend., 405.)

Rapallo, J. The point mainly relied upon by the appellant is that the draft and indorsement upon which this action is brought do not on their face import a consideration. The draft was drawn by the defendants testator upon the treasurer of an incorporated company, payable to the drawer's own order and purported to be for value received. It was indorsed by the drawer by a special indorsement "Pay to the order of Mrs. Mary Hook, for the benefit of her son Charlie." The appellant claims that this is one of those restrictive indorsements which do not purport to be made for a consideration, and do not entitle the indorsee to maintain an action on the bill, without proving a consideration.

As a general rule an indorsement of a negotiable bill which purports to pass the title to the bill to the indorsee, imports a consideration, and the burden of proving want of consideration rests upon the party alleging it. The restrictive indorsements which are held to negative the presumption of a consideration are such as indicate that they are not intended to pass the title, but merely to enable the indorsee to collect for the benefit of the indorser, such as indorsements "for collection" or others showing that the indorser is entitled to the proceeds. These create merely an agency, and negative the presumption of the transfer of the bill to the indorsee for a valuable consideration.

But where the indorsement purports to pass the title to the bill therein from the indorser, and divest him of all beneficial interest, a consideration for such transfer is presumed. All the cases cited by the counsel for the appellant rest upon these principles. The citation from 3 Kent Com., 92, states the principle to be that when the indorsement is a mere authority to receive the money for the use or according to the directions of the indorser, it is evidence that the indorsee did not give a valuable consideration for it and is not the absolute owner. This accords with the statement of the principle by Wilmot, J., in *Edie* v. *E. India Co.* (2 Burr., 1227). So an indorsement "Pay to S. W. or order for our use," (*Sigourney* v. *Lloyd*, 8 B. & C., 622; S. C., 3 Y. & J., 220), was held to create a mere agency, and the addition even of the words "value received" to such an indorsement has been held not to vary its effect. (*Wilson* v. *Holmes*, 5 Mass., 543.) In *Edie* v. *East India Co.* (2 Burr., 1221), the examples of restrictive indorsements put by way of illustration are, "Pay to my steward and no other person," or "pay to my servant for my use." These show that there was no intention to pass the title to the bill; and the same effect has been given to an indorsement, "Pay to P. only." It was held that these words indicated that the indorsee was agent only, and paid no consideration for the bill, as a purchaser would not have accepted such an indorsement. (*Power* v. *Finnie*, 4 Call [Vir.], 411.) But an indorsement to one person for the use or benefit of another, affords no such indication. The indorser parts with his whole title to the bill, and the presumption is that he does so for a consideration. The only effect of such an indorsement, by way of restriction, is to give notice of the rights of the beneficiary named in the indorsement, and protect him against a misappropriation. When a bill is indorsed, "Pay to A or order for the use of B," A cannot pass the bill off for his own debt, but he can by indorsing it transfer the title, and will hold the proceeds for the benefit of B, and be accountable to him for them. (*Evans* v. *Cramlington*, Carth., 5, affirmed in the

Exchequer Chamber, 2 Vent., 309.)  In *Treuttel* v. *Baran-don* (8 Taunt., 100), cited by the appellant, drafts payable to the drawer's own order were indorsed by him to De Roure & Co. or order " for the account of Treuttel & Wurz." It appeared that De Roure & Co. were the agents of Treuttel & Wurz, and the latter were held entitled to maintain trover for the drafts against a party to whom De Roure & Co. had pledged them for their own debt.  There is nothing in this case to sustain the. proposition that a draft thus drawn and indorsed does not import a consideration, or that the indorsee could not maintain an action upon it against the drawer and indorser without proving a consideration.  The effect of the special indorsement was simply to give notice of the interest of Treuttel & Wurz, and prevent De Roure & Co. from appropriating the drafts to their own use.  *Blaine* v. *Bouine* (11 Rh. I., 119), is to the same point.  In the present case the indorsement did not purport to restrain the indorsee from negotiating the draft, for it was " Pay to *the order* of Mrs. Mary Hook," for the benefit of her son Charlie.  She was constituted trustee of her son and held the legal title. (3 Kent's Com., 89.)  The indorsement gave notice of the trust, so that if she had passed it off for her own debt, or in any other manner indicating that the transfer was in violation of the trust, her transferee would take it subject to the trust, but there was nothing reserved to the drawer and indorser.  He retained no interest in it.  The presumption is that the draft was drawn and indorsed by him for a consideration received either from the indorsee or the beneficiary. If the youth of the beneficiary should be deemed to afford a presumption that no consideration was paid by him, the presumption would be that it emanated from his mother.  The facts admitted on the trial do not establish that the consideration was illegal.  They show that the boy lived with his mother and was taken care of by her.  There is nothing illegal in an undertaking by a putative father to support his illegitimate child, or to pay a sum of money in consideration of such support being furnished by another, though it be

the mother of the child.  If such was the consideration of this obligation, and it was furnished by Mrs. Hook, she was at liberty to take it, payable to herself in her own right, or for the benefit of her child.  (*Hicks* v. *Gregory*, 8 C. B., 378; *Smith* v. *Roche*, 6 C. B. [N. S.], 223; *Nichole* v. *Allen*, 3 C. & P., 36; *Jennings* v. *Brown*, 9 Mees. & W., 496; *Knowlman* v. *Bluett*, 9 L. R. [Exch.], 1, 307; *Bunn* v. *Winthrop*, 1 J. Ch., 337, 338.)

The judgment should be affirmed.

All concur.

Judgment affirmed.