THE NATIONAL CITY BANK OF BROOKLYN, Respondent, *v.* ROBERT E. WESTCOTT, as President, etc., Appellant.

A check drawn upon plaintiff by one of its depositors, was altered by raising the amount and changing the name of the payee; it was delivered to the N. Y. & B. D. E. Co., an express company, for collection, indorsed in blank with the name of the fictitious payee. The express company transmitted and indorsed the check for collection to defendant's company, the W. E. Co. That company presented the same for payment and received the amount called for by it as raised, which it delivered to the N. Y. & B. D. E. Co., and that company delivered it to the person from whom it had received the check. Thereafter the fraud was discovered and the amount overpaid demanded back. *Held,* that an action to recover the same was not maintainable; that plaintiff was advised by the indorsement that defendant's company was simply acting as agent, and it having in good faith, before notice of the fraud, paid over the money to the company from whom it received the check, was thereby discharged from liability.

The complaint, after averments as to the fraudulent alteration of the check, alleged that the "check so altered, changed and raised, and properly indorsed, was presented" by the agent of the W. E. Co. The answer admitted that the check "properly indorsed" was presented for payment as alleged in the complaint. *Held,* that this was not an admission that the check was indorsed by the W. E. Co.

The agent who presented the check for payment indorsed his name simply upon it without adding the word agent. *Held,* that in the absence of proof of express authority in such agent to indorse, the W. E. Co. was not chargeable as indorser; that as it appeared by the restrictive indorsement upon the check that defendant had taken no title and was simply acting as agent, there was no implied authority in its agent to do anything beyond what was requisite to the performance of the agency, and this imposed upon defendant neither the duty to indorse nor to guarantee the check.

(Argued January 13, 1890; decided February 25, 1890.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 15, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover the sum of $654, being the amount of an alleged overpayment upon a check drawn on the plaintiff by one of its depositors, which was fraudulently raised.

On November 19, 1884, the New York and Boston Despatch Express Company handed to the Wescott Express Company, of which company defendant is president, for collection, a check purporting to have been drawn by H. Von Deilen, on the plaintiff, of which the following is a copy:

"BROOKLYN, *Nov.* 15, 1884.

"National City Bank of Brooklyn:

"Pay to Samuel T. Allen or order six hundred and sixty dollars.

"$660.                          H. VON DEILEN.·

"Indorsed, SAMUEL T. ALLEN.

"For collection, New York and Boston Despatch Express Company, A. J. Dunlap, Agent."

On the same day George W. Dixon, who was the agent of the defendant company, indorsed his name upon the check, presented it to the plaintiff and received the amount of it. And thereupon the money was delivered to the N. Y. & Boston Despatch Express Co., which received it, and on November twenty-seventh, at Philadelphia, paid the money to the party from whom it had received the check. In February following, the plaintiff ascertained that the check so presented was not genuine, but that Von Deilen, the drawer, had, on November thirteenth, given to a stranger a check drawn upon the plaintiff for six dollars, payable to Mrs. J. W. Smith or order, and that it had been so feloniously altered as to produce the check first above set forth. As soon as the discovery was made the plaintiff demanded of the defendant repayment of the amount so paid, which was refused.

*Chas. A. Da Costa* for appellant. The court will not hold that a fact is admitted by the pleadings if it was not clearly and concisely alleged in the complaint, and was evidently not intended to be admitted in the answer. (*Clark* v. *Dillon*, 97 N. Y. 370, 373; *Bates* v. *Rosekrans*, 23 How. Pr. 98.) The indorsement "for collection" and the surrounding circumstances show conclusively that the plaintiff knew that the defendant was simply acting as agent, and as the defendant had delivered the fund to its principal before notice, it is no longer responsible for the amount collected. (*Sweeny* v. *Easter*, 1 Wall. 166; *Bank* v. *F. Nat. B'k*, 19 Fed. Rep. 301, 302; *Dickerson* v. *Wason*, 47 N. Y. 439; *White* v. *Nat. Bank*, 102 U. S. 658; *Cecil Bank* v. *Bank of Maryland*, 22 Md. 148; *Norwalk Bank* v. *A. E. Co.*, 4 Blatch. 455, 460; *N. P. Bank* v. *S. Bank*, 114 N. Y. 28, 33; *La Farge* v. *Kneeland*, 7 Cow. 460; *Mowatt* v. *McLelan*, 1 Wend. 173; *Herrick* v. *Gallagher*, 60 Barb. 566; Story on Agency, § 300.) The defendant company cannot be held as indorser. (*Briggs* v. *Partridge*, 64 N. Y. 357, 363; *Barker* v. *M. Ins. Co.*, 3 Wend. 94; *Pentz* v. *Stanton*, 10 id. 271; *De Witt* v. *Walton*, 9 N. Y. 571; *Stackpole* v. *Arnold*, 11 Mass. 27; *E. R. R. Co.* v. *Benedict*, 5 Gray, 566; *Beckham* v. *Drake*, 9 M. & W. 79; *Mills* v. *Hunt*, 20 Wend. 431, 433, 434; *H. C. N. Bank* v. *Rust*, 97 N. Y. 635, 636.)

*Edgar Bergen* for respondent. To review facts there must be an appeal from an order refusing a new trial. (*Matthews* v. *Myberg*, 63 N. Y. 656.) Both sides having requested the court to direct a verdict, and the court having directed a verdict for the plaintiff, the defendant cannot now claim that the case should have been given to the jury on the facts. (*Provost* v. *McEncroe*, 102 N. Y. 650.) Mere delay in detecting a forgery will not prevent a recovery by a person who gives notice of the forgery as soon as discovered. (*Frank* v. *Lanier*, 91 N. Y. 112, 116.) Notwithstanding the restricted indorsement "for collection," the defendant had a perfect right to pay the check to the prior indorser, or to indorse it absolutely, as was

the indorsement in this case. (*Holmes* v. *Hooper*, 1 Bay. 160; Daniel on Neg. Inst., § 698; *Cromwell* v. *Hewitt*, 40 N. Y. 491.) The complaint alleges, and the answer admits that the defendant properly indorsed and presented said check by George W. Dixon, its agent. The defendant having requested the court to direct a verdict, and the court having found that the defendant indorsed the check, cannot now dispute the finding of the court as to that fact. (*Provost* v. *McEncroe*, 102 N. Y. 650; *F. Nat. Bank* v. *Hall*, 44 N. Y. 395, 397; *Bank of Genesee* v. *Patchin Bank*, 19 id. 312; *Bank of New York* v. *Bank of Ohio*, 29 id. 619.) The defendant having indorsed the check absolutely, guaranteed to the plaintiff the check in every particular, and is liable in this action. (Daniels on Neg. Inst., 497, § 669; *Littaur* v. *Goldman*, 72 N. Y. 506, 515, 517; *White* v. *C. N. Bank*, 64 id. 316–320; *Turnbull* v. *Bowyer*, 40 id. 456; *Colson* v. *Arnot*, 57 id. 253–258; *S. Bank* v. *Loomis*, 85 id. 207; *C. E. Bank* v. *Nassau Bank*, 91 id. 74; *Morford* v. *Davis*, 28 id. 481; *Edwards* v. *Dick*, 4 B. & Ald. 212; *Erwin* v. *Downs*, 15 N. Y. 575; *Clews* v. *Bank*, 89 id. 421.) The defendant claims that to hold it as the indorser of the check, it was necessary to demand payment of the check and protest it for non-payment. As this point was not raised on the trial, it cannot be raised here. (*Thayer* v. *Marsh*, 75 N. Y. 340; *Varian* v. *Johnston*, 108 id. 645, 647.) It is not necessary to make a technical protest to charge an indorser. (*Coddington* v. *Davis*, 1 N. Y. 186, 190; *S. N. Bk.* v. *Bank*, 3 Wkly. Dig. 583; *T. C. Bk.* v. *Grant*, H. & D. Supl. 119; *W. R. Bk.* v. *Taylor*, 34 N. Y. 128; *Cuyler* v. *Stevens*, 4 Wend. 566; *Woodin* v. *Foster*, 16 Barb. 146; *Cole* v. *Jessup*, 10 N. Y. 96; *Thayer* v. *Marsh*, 75 id. 340; *People ex rel.* v. *McLean*, 80 id. 254, 260, 261; *Wellington* v. *Morey*, 90 id. 656; *Cromwell* v. *Hewitt*, 40 id. 491; *Turnbull* v. *Bowyer*, Id. 456, 461; *Goddard* v. *M. Bk.*, 4 id. 147.) The doctrine of principal and agent has no application whatever to this case, because the defendant did not assume to act as an agent, but acted as a principal. (*Freund* v. *I. & T. Bk.*,

76 N. Y. 352; *Mills* v. *Hunt,* 20 Wend. 431, 433, 434; 2 Parsons on Bills, 21; *Fassin* v. *Hubbard,* 55 N. Y. 465, 470; *H. C. Nat. Bk.* v. *Rust,* 97 id. 635, 636; *Holt* v. *Ross,* 54 id. 472, 475.) But even if the defendant be regarded as an agent, it was merely the sub-agent of the forger who raised the check, and the instrument by means of which the forger was enabled to commit a fraud on the plaintiff. (*Gutchess* v. *Whiting,* 46 Barb. 139, 142; *Cullen* v. *Thompson,* 4 McQ. 424, 433; Bouvier's L. Dict., tit. Agent, 87; *Snowden* v. *Davis,* 1 Taunt. 358; *Hoffman* v. *Carow,* 22 Wend. 285; *Clews* v. *Bank,* 89 N. Y. 418, 427; *Indig* v. *N. C. Bk.,* 80 id. 100, 106; *Spraights* v. *Hawley,* 39 id. 441.) Since the signature of the maker of the check was genuine, and the plaintiff paid the defendant $660, or $654 more than it was entitled to receive, under a mistaken impression that the whole check was genuine, the plaintiff was entitled to the verdict as directed by the court. (*White* v. *C. N. Bank,* 64 N. Y. 316, 320; 65 id. 659; *Bank of Commerce* v. *Union Bank,* 3 id. 230; 64 id. 319; *M. Bank* v. *N. C. Bank,* 59 id. 67; *S. N. Bank* v. *N. Bank,* 3 Wkly. Dig. 583; *S. Bank* v. *N. Bank,* 67 N. Y. 458.) The fact that the plaintiff paid the check after it had been raised, will not prevent its recovery in this action. (*M. N. Bank* v. *N. C. Bank,* 59 N. Y. 77; *S. Bank* v. *N. Bank,* 67 id. 462; *Clews* v. *N. Y. B. Assn.,* 89 id. 418, 421; *S. Bank* v. *Loomis,* 85 id. 207, 213; *S. N. Bank* v. *N. Bank,* 3 Wkly. Dig. 583; *White* v. *C. N. Bank,* 64 N. Y. 320, 321.) Where money has been paid by mistake by several indorsers, the remedy of each is by an action over against his respective indorser. (*White* v. *C. N. Bank,* 64 N. Y. 322; *C. Bank* v. *Bank,* 1 Hill, 287, 294; *Robson* v. *Eaton,* 1 T. R. 62; *Clews* v. *Bank,* 89 N. Y. 426, 427.) Even though the conditions of the parties have changed, by reason of the payment of the moneys over to the forger, there is no injustice in holding the defendant liable to the plaintiff. (*Thayer* v. *Marsh,* 75 N. Y. 340; *C. Bank* v. *M. Bank,* 3 Keyes, 337.)

BRADLEY, J. The case, as represented by the evidence, was at the trial treated by the counsel for the parties as presenting a question of law only. The request for direction of a verdict for the defendant was refused, and the court directed a verdict for the plaintiff, and exceptions were taken. So that if, in any view which may be taken of it, the evidence is sufficient to support the verdict, the recovery must be sustained. (*Dillon* v. *Cockcroft*, 90 N. Y. 649.)

In the presentation of the check to the plaintiff for payment, and in paying it, the parties acted in good faith and upon the assumption that it was in all respects genuine. The drawer of it was one of the plaintiff's depositors, and had been such for considerable time. The signature to the check was his, signed to one drawn by him, and which had been raised in amount from six to six hundred and sixty dollars, and the name of another payee inserted in it. This fraudulent alteration was not discovered until nearly three months after the time the payment was made. In the meantime the money had been paid over to the person who had placed it with the N. Y. & B. D. Express Co. for collection.

The payment was made by the plaintiff upon a mistake of fact as to the character of the check; and money paid under such circumstances may be recovered back from the party to whom payment is made. If the Wescott Express Company had been or had assumed to be the apparent owner of the check when it was presented to and paid by the plaintiff, the defendant would have been liable to reimburse the plaintiff. (*Canal Bank* v. *Bank of Albany*, 1 Hill, 287; *Bank of Commerce* v. *Union Bank*, 3 N. Y. 230; *Corn Exchange Bank* v. *Nassau Bank*, 91 id. 74.) But in the present case the check was in fact sent to the defendant company for collection, of which the plaintiff was advised by the indorsement upon it to that effect made by the N. Y. & B. D. Express Co. The defendant, therefore, apparently and in fact represented that company, and in the relation of such agency received the money from the plaintiff. (*Montgomery Co. Bank* v. *Albany City Bank*, 7 N. Y. 459.) And prior to the time of the dis-

covery of the fraudulent character of the check, having handed the money over to the company from which it was so received for collection, the defendant was not liable to the plaintiff as for money paid by mistake. (*National Park Bank* v. *Seaboard Bank*, 114 N. Y. 28.) It is, however, contended that the defendant was indorser of the check, and became chargeable as such. And to establish the fact that the defendant did indorse it, reference is made to the pleadings. The complaint alleged that the "check so altered, changed and raised and properly indorsed was presented on or about the 19th day of November, 1884, by George W. Dixon, as agent of said Wescott Express Company." And the defendant, by the answer, "admits the allegations that the check referred to in said complaint, properly indorsed, was presented to said plaintiff for payment on or about the 19th day of November, 1884, by George W. Dixon, as agent of the said Wescott Express Company." This admission, in its import, is no broader than those allegations of the complaint, and they do not charge that the company indorsed the check, and they are entitled to such construction only, in favor of the plaintiff, as the language used fairly requires. (*Slocum* v. *Clark*, 2 Hill, 475; *Clark* v. *Dillon*, 97 N. Y. 370.) That the check, properly indorsed, was presented to the plaintiff by Dixon, as the agent of the defendant company, does not necessarily furnish the inference of indorsement by the company.

But it is urged that inasmuch as Dixon was the agent of the company, and presented the check as such for payment, his indorsement must or may be that of his principal.

He indorsed his name upon it without anything to indicate that he made it other than individually. It may be that if he had added the word agent to his name, it may have been properly shown to have been done by him as such agent, and the indorsement treated as that of his company upon evidence being given of his authority to make it. (*Hicks* v. *Hinde*, 9 Barb. 528; *Babcock* v. *Beman*, 11 N. Y. 200; *Bank of Genesee* v. *Patchin Bank*, 19 id. 312.)

Nothing appears in any manner upon the paper character-

izing the indorsement of Dixon as made in a representative capacity or his purpose to so make it, and it would be unduly extending the rule to charge another party in such case as indorser of commercial paper. (*Mills* v. *Hunt*, 20 Wend. 431; *Booth* v. *Bierce*, 40 Barb. 114, 136; *Briggs* v. *Partridge*, 64 N. Y. 363.) This view has relation only to the situation produced by the act of making such an indorsement, and without any reference to the effect of an adoption of the act by the principal as against the latter.

The indorsement by the New York and Boston Despatch Express Co. appearing by its terms to have been made for the purpose of the collection of the check, the defendant assumed the relation of agency in receiving it and obtaining the money and transmitting it to such indorser.

The restrictive indorsement denied to the defendant the apparent title, and rendered the check non-negotiable, of which the plaintiff was advised by the restriction appearing by the terms of the indorsement. The defendant company took no title to it, and could transfer none. The right of the defendant as the correspondent or agent of the other company, was to present the check to the plaintiff and receive the money. This was the import of the indorsement of that company. (*Sigourney* v. *Lloyd*, 8 Barn. & C. 622; *Hook* v. *Pratt*, 78 N. Y. 371; *White* v. *National Bank*, 102 U. S. 658.) There was, therefore, no implied authority in Dixon as the agent of the defendant company, to represent it in the transaction beyond what was requisite to the performance of the agency assumed by it, or was legitimately within its purpose. This imposed upon the defendant neither the duty to indorse the check or to guarantee its genuineness. Nor does it appear that Dixon as such agent had any special authority to do either, or any authority in that respect other than such as arose from his relation of agency. A different case would have been presented if the defendant company, through its agent, had received the money in its own right, or apparently so, from the plaintiff. Then with or without indorsement, the defendant may have been treated as warranting the genuine-

ness of the check and as liable to the latter for the amount. (*White* v. *Continental Nat. Bank*, 64 N. Y. 316, 320; *Susquehanna Valley Bank* v. *Loomis*, 85 N. Y. 207, 211.)

The cases cited by the plaintiff's counsel, and upon which he relies to support in this repect the recovery, were those in which the implication was permitted that the party presenting paper and receiving payment was the lawful holder having title. The doctrine of guaranty and liability in such case is firmly settled, but for the reasons before suggested it is not applicable to the present case.

No other question seems to require consideration.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.