Rich, J.:
At the close of the plaintiff’s case the learned judge presiding at the trial dismissed the complaint on the ground <b that the evidence does not constitute the cause of action alleged.” The plaintiff had alleged that in the month of October, 1902, she, being at the time an unmarried woman, gave birth to a child, of which the defendant was the father; that the defendant, for a good and valuable consideration, had repeatedly promised to pay plaintiff a handsome sum of money each month for the support and maintenance of the child; “ that the defendant is a ma,n of great wealth, and that a moderate and reasonable estimate of the proper allowance to be made the plaintiff, as aforesaid, for the support of the said child is the sum of five hundred dollars ($500.00) each month ; that the defendant has failed, neglected and refused to pay such allowance io the plaintiff *680 for the support of the said child for a period of nine (9) months prior to the beginning of this action, and that there is now due and owing to the plaintiff from the defendant on that account the sum of four thousand five hundred dollars ($4,500.00).”
It appeared from her evidence, given upon the trial, that the plaintiff met the defendant the first time pursuant to an appointment in June, 1900, was introduced to him, and immediately accepted his invitation to drive in the park. She was with him an hour upon this occasion, and during this time the defendant told her “ he was very unhappy, and would be very glad to have some one that would be nice to him; that he would do anything in the world for such a person.” The next evening she dined with him ; she said, “he told me more things along the same line,” and that it was one of the sorrows of his life that he had only one child. At the next interview “he still insisted that he would be very glad to take care of me ■—■ do anything in the world for me if I would be true to him.” He brought up at that time the subject of a child. He said that “ he was very anxious to have a child; that he had but one child, and he would not take that away from its mother; that if I would have a child by him he would do everything in the world for me and would support the child handsomely until the child was twenty-one years of age, and that it would not be necessary for me to take care of him.” Sexual intercourse commenced then (in the summer of 1900) and a child was born in October, 1902.
The action is not to recover a sum claimed to have been advanced by the mother for the support of the child. The evidence shows that up to the time of the commencement of the action defendant had provided for its support and maintenance. He was morally bound to do this, and there may be a way whereby the proper and suitable support of the child, brought into existence as the result of this wicked, immoral and shameful agreement, can be guaranteed and enforced; but that phase of the agreement is not presented by the pleadings. This action is to enforce the payment of a sum alleged to be due the plaintiff under an agreement to pay and allow to her a handsome and liberal sum of money each month for the support and maintenance of the child. Such a contract cannot be recognized as valid and binding as between these parties. It is against public morals. The consideration for the agreement *681 on the part of the defendant was that the -woman should submit to his immoral desires. She was satisfied if the offspring would be handsomely and liberally taken care of out of money paid to her by the defendant. Such a contract cannot and ought not to be enforced. It has been held repeatedly that an agreement by a putative father for the support of his illegitimate child is enforcible, and in Hook v. Pratt (78 N. Y. 871) Judge Rapadlo said: “ There is nothing illegal in an undertaking by a putative father to support his illegitimate child; or to pay a sum of money in consideration of such support being furnished by another, though it be the mother of the child.” But this action is brought for no such purpose; it is to recover upon an agreement alleged to have been made in part as an inducement to plaintiff to enter upon a career of illicit intercourse, and such an action may not be maintained.
The judgment must be affirmed, with costs.
Woodward, Jbnks, Hooker and Miller, JJ., concurred.
Judgment affirmed, with costs.