SHAFFER, Respondent, vs. PEAVEY, imp., Appellant.

*May 5—June 1, 1915.*

*Bills and notes: Holder in due course: Novation.*

A corporation which received certain promissory notes from the payee, before maturity, in the regular course of business, as collateral security for an existing debt of the payee, and in consideration thereof agreed to give further time for the payment of the debt, having no notice of an oral agreement of novation by which the payee had released the maker and accepted another person as liable on the notes, was a holder in due course, and so also was a subsequent purchaser of the notes from the corporation for value and before maturity; and the right of the latter to recover on the notes was not affected by the novation.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Action upon three negotiable promissory notes dated October 23, 1907, given to the Dakota Town Lot Company in part payment for the town site of the village of Carlyle, South Dakota, which was then purchased by the defendants *Peavey* and *Ward* of said company. These notes, with others of the series amounting in all to $4,300, were secured by mortgage:

upon the real estate.    As lots in the town site were sold the mortgage was released from the parcel sold.    In March, 1908, the defendant and appellant, *Peavey,* sold his interest in the town site to one Kenderdine and deeded the property to Kenderdine and defendant Ward, who continued the business.    The deed contained an agreement that Kenderdine assumed and agreed to pay the mortgage indebtedness.    There was evidence that the Town Lot Company assented to the arrangement, orally agreed to accept the liability of Kenderdine for the liability of *Peavey,* and released *Peavey* from liability. The Dakota Town Lot Company was very closely related in a business way with the Minnesota, Dakota & Pacific Railway Company, which was building a railroad.    The Town Lot Company owned undivided interests with the railway company in certain town sites on the line, and in the course of selling lots received moneys belonging to the railway company.    The railway company also advanced from time to time certain sums in payment for right of way through public lands, properly chargeable to the Town Lot Company, and from these transactions there resulted a considerable indebtedness from the Town Lot Company to the railway company, which on January 14, 1908, amounted to more than $11,000. On that day the Town Lot Company indorsed the notes in blank, guaranteed them, and delivered them to the railway company as collateral security for said existing indebtedness and for indebtedness thereafter to be contracted, it being agreed that said existing indebtedness (then represented by a demand note) should be carried along and payment should not be called for until such time as the town-lot business and the right-of-way settlements reached a point where it would be possible for the Town Lot Company to pay.    On February 23, 1909, the railway company sold and delivered the notes without further indorsement to the plaintiff, who paid $3,093.10 for notes the principal of which aggregated $3,500, and upon which some interest had accrued.    Neither of the

notes had matured at the time of the transfers.    The trial court held that the plaintiff was a holder in due course and directed a verdict for the plaintiff for the amount due. Judgment being entered upon the verdict, the defendant Peavey appeals.

For the appellant there was a brief by *Lamoreux & Cate,* attorneys, and *Umbreit, Mahon & Jenner,* of counsel, and oral argument by *A. C. Umbreit.*

For the respondent the cause was submitted on the brief of *John Walsh.*

WINSLOW, C. J.    The verdict was rightly directed.    The only question in the case was whether the plaintiff was a holder in due course.    If he was, the agreement of novation does not affect his rights to recover.    That he was such holder there can be no doubt.    The railway company received the notes in the regular course of business before due as collateral security upon an existing indebtedness and in consideration thereof agreed to give further time to pay such debt.    This made the company a *bona fide* holder in due course unless it had notice that there was a defect in the title.    *Bowman v. Van Kuren,* 29 Wis. 209.    There is no evidence tending to show that the company had actual notice of the novation agreement or of any facts which would be sufficient to constitute constructive notice.    It is equally clear that the plaintiff is a holder in due course.

There are no other questions to be considered.

*By the Court.*—Judgment affirmed.