Gulbranson-Dickinson Company, Respondent, vs. Hopkins, Appellant.

*November 6—December 2, 1919.*

*Bills and notes: Restrictive indorsement: Delivery: Transfer of title: Effect: Transfer without indorsement after maturity: Union of legal and equitable titles after maturity: Indorsement in trust: Action by beneficiary without joining trustee: Failure of consideration: Evidence: Presumption of similarity of laws of another state.*

1. A payee's indorsement of notes to a bank "for credit account of" the plaintiff (payee's creditor) is a restrictive indorsement as defined by sec. 1676—6, Stats., conferring rights as fixed by sec. 1676—7.

2. In an action on notes which were payable in and were transferred in another state, there being no claim that the laws of such state were not the same as those of Wisconsin, the notes will be treated as if executed, delivered, and payable in Wisconsin, and indorsed there.

3. Indorsement of a note by the payee to a bank "for credit account of" the plaintiff transferred the whole title in the note to the bank for the benefit of the plaintiff.

4. Under sec. 2605, providing that every action must be prosecuted in the name of the real party in interest, one for whose benefit a note was indorsed to another may maintain an action

upon the note in his own name without joining the person to whom the note was indorsed; sec. 2607, providing that the trustee of an express trust may sue without joining the beneficiary, being permissive, and not requiring that the beneficiary be joined with the trustee.

5. An indorsee under a restrictive indorsement takes a title qualified either as to person or use, and the delivery of the instrument gives effect to the indorsement, and it passes to the indorsee subject to all the restrictions imposed upon it.

6. While as between the payee and the plaintiff, its creditor, beneficiary of the payee's indorsement of notes to a bank, the proceeds of the note, when paid, were to be applied to plaintiff's use, plaintiff was not in any sense of the term an indorsee, and the instruments not being delivered to it until after due and it having no legal title thereto, the instruments in plaintiff's hands were nonnegotiable and subject to any defense which might have been made against them in the hands of the payee.

7. Where notes were not accepted by plaintiff, creditor of the payee, and were not held as collateral by the bank to which they were indorsed, but were held as trustee for plaintiff's benefit, the bank, as indorsee, is within the provisions of sec. 1676—6, relating to restrictive indorsements, and the principle that an indorsee accepting negotiable paper as collateral security may be a holder for value does not apply.

8. Where a note was not delivered to plaintiff, beneficiary of a restrictive indorsement, until after due, plaintiff did not become the owner and holder before maturity, and hence did not have a legal right to unite with his equitable title before maturity.

9. In an action on notes given for advertising matter and services in business promotion, the evidence is *held* sufficient to show a failure of consideration.

APPEAL from a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Reversed.*

Action on notes. The defendant was engaged in the general merchandise business at West De Pere, Wisconsin. The Brenard Manufacturing Company was a copartnership in Iowa City, Iowa, engaged in a general advertising and business promotion enterprise. On March 25, 1916, the defendant and the Brenard Manufacturing Company entered into a contract by the terms of which the manufacturing company was to deliver to the defendant certain adver-

tising matter and render certain services in promoting the defendant's business, in consideration of which the defendant executed and delivered to the manufacturing company six notes amounting in the aggregate to $340. The merchandise contracted for was to be used as premiums or prizes, to be distributed by the defendant in the manner directed, and it was agreed that, if defendant's sales were not increased in an amount specified, certain payments were to be made by the manufacturing company to the defendant. One note, amounting to $60, was paid. On April 12, 1916, and before any of the notes given by the defendant were due, the manufacturing company, being indebted to the plaintiff, gave the plaintiff its note, and contemporaneously therewith transferred as collateral security the notes in question by the following indorsement: "Pay to the order of Iowa City State Bank, Iowa City, Iowa, for credit account of *Gulbranson-Dickinson Co.* BRENARD MANUFACTURING Co." The defendant failed to pay the notes at maturity; they were indorsed by the Iowa City State Bank to the First National Bank of Chicago, by whom they were returned to the Iowa City State Bank. Thereafter the plaintiff brought this action. There was a jury trial. The jury by special verdict found: (1) That the plaintiff did not become the owner of the notes in question in due course of business for a valuable consideration; (2) that there was a failure of consideration to the defendant of the notes remaining unpaid and sued upon. Upon motion of the plaintiff the answer to the first question in the special verdict was changed from "No" to "Yes," and upon the verdict so amended judgment was rendered for the plaintiff for $327.50, principal and interest, and costs. From this judgment the defendant appeals.

For the appellant the cause was submitted on the briefs of *Cady & Strehlow* of Green Bay.

For the respondent there was a brief by *Herb J. Smith* of De Pere, attorney, and *Kittell & Jaseph* of Green Bay, of counsel, and oral argument by *Lynn D. Jaseph.*

ROSENBERRY, J. The plaintiff claims that it is entitled to recover because it is a holder in due course. That the indorsement is restrictive as defined by sec. 1676—6, Stats. 1917, is conceded. The notes are dated at West De Pere, Wisconsin, and are payable by their terms at Iowa City, Iowa, where the notes in the contract appear to have been sent for acceptance by the payee named in the note. No claim is made that the laws of Iowa, where the note was payable and where it was transferred, are not the same as those of Wisconsin; therefore we treat the case as if the notes were executed, delivered, and payable within the state of Wisconsin, and indorsed there.

Sec. 1676—7, Stats. 1917, states the rights conferred upon the trustee under a restrictive indorsement. He may (1) receive payment of the instrument; (2) bring any action thereon that the indorser could bring; (3) transfer the rights as such indorsee where the form of the indorsement authorizes him to do so; but all subsequent indorsees acquire only the title of the first indorsee under the restrictive indorsement.

Indorsements restrictive as to persons are of two kinds: first, those for the benefit of the indorser; and second, those for the benefit of a third person. An indorsement for the benefit of the indorser constitutes the trustee the agent of the indorser, the beneficial interest remaining in the indorser, while an indorsement for the benefit of a third person transfers the title in the instrument to the indorsee. *Hook v. Pratt*, 78 N. Y. 371; 8 Corp. Jur. 366. The indorsement of the instrument in question by the manufacturing company to the Iowa City State Bank for the benefit of the plaintiff transferred the whole title in the instrument to the bank for the benefit of the plaintiff.

The question then arises, Can the plaintiff, for whose benefit the indorsement was made, maintain an action upon the note? This question must be answered in the affirmative. Sec. 2605, Stats., provides that every action must be prosecuted in the name of the real party in interest.

While sec. 2607 provides that a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted, it is permissive, and does not require that the person for whose benefit the trust was created be joined with the trustee. *Piotrowski v. Czerwinski,* 138 Wis. 396, 120 N. W. 268; 8 Corp. Jur. 824.

The question then arises, Is the plaintiff entitled to recover upon the notes as a holder in due course? The defendant contends that under the provision of sec. 1676—17, Stats., which provides that an instrument negotiable in its origin continues to be negotiable until it has been restrictively indorsed or discharged by payment or otherwise, the plaintiff cannot be such a holder in due course, because of the fact that the instruments in question were restrictively indorsed.

The plaintiff contends that the instruments in question passed to the indorsee as negotiable instruments, so as to constitute the indorsee the holder in due course, the restrictive indorsement becoming operative only as against subsequent transferees. It is established beyond question that an indorsee under a restrictive indorsement takes a title qualified either as to person or use. The delivery of the instrument gives effect to the indorsement, and it passes to the indorsee subject to all restrictions imposed upon it. The indorsee in this case parted with nothing of value. While as between the manufacturing company and the plaintiff the money when paid was to be applied to the use of the plaintiff, the plaintiff was not in any sense of the term an indorsee. The instruments in question were not delivered to it until after due. It had no legal title thereto. Its right to maintain an action upon the notes so indorsed arises out of no incident of the instrument as negotiable paper, but rather arises out of the practice acts which require the suit to be brought in the name of the real party in interest. It does not appear that the notes were delivered to plaintiff under such circumstances as to pass the legal title

thereto. While no doubt the Iowa City State Bank, by the terms of the indorsement, could have transferred or negotiated the instrument in question, the rights of the transferee would have been subject to the terms of the indorsement, and such second indorsee would not have the rights of a holder in due course. Any transfer by the Iowa City State Bank would have been subject to the rights of the plaintiff and notice to all subsequent transferees of the plaintiff's right to the proceeds of the instrument in question. Our attention is called to *Hook v. Pratt,* 78 N. Y. 371. This case, however, does not pass upon this point. The question there involved was whether or not it was incumbent upon an indorsee under a restrictive indorsement to prove consideration, or whether consideration was imported by the indorsement. In *National City Bank v. Wescott,* 118 N. Y. 468, 475, 23 N. E. 900, *Hook v. Pratt, supra;* and *White v. Miners' Nat. Bank,* 102 U. S. 658, are cited on the proposition that a restrictive indorsement rendered the check in question nonnegotiable. The instruments in the hands of the plaintiff were therefore nonnegotiable. and subject to any defense which might have been made against them in the hands of the manufacturing company. We do not overlook the fact that an indorsee accepting negotiable paper as collateral security may be a holder for value. *Shaffer v. Peavey,* 161 Wis. 149, 152 N. W. 829.

The trouble is that the notes were not accepted by the plaintiff and were not held by the Iowa City State Bank as collateral, but as trustee for the benefit of the plaintiff, and the Iowa City State Bank as indorsee is therefore plainly brought within the provisions of the statute relating to restrictive indorsements. While the indorsement rendered the instruments nonnegotiable, they were valid and transferable, and the plaintiff is entitled to recover thereon in the event that the defendant failed to establish a valid defense thereto.

The plaintiff further claims that the delivery of the note to plaintiff united the legal and equitable title and so constitutes the plaintiff the owner, with exactly the same right as if the original indorsement had been in the usual and unrestricted form. It appears from the evidence that the note was not delivered to the plaintiff until after due. It could not, therefore, become such owner and holder before the maturity of the note, and we are not called upon to consider or discuss what the effect would have been had there been a union of the legal and equitable titles before the notes became due.

The jury found that there was a failure of consideration to the defendant as to the notes sued upon. The court set aside the finding of the jury upon motion, and held that there was no failure of consideration. The object and purpose of the advertising campaign was to increase the sales of defendant during the twelve-months period specified in the contract. While the manufacturing company agreed that if one and eight-ninths per cent. of the defendant's gross sales did not amount to $340 it would pay to the defendant any deficiency, in cash, and the defendant testified upon the trial that he had no claim under that clause of the contract, that does not dispose of the question whether or not there was a substantial failure of consideration. It appears with reasonable certainty that the amount of the defendant's sales was increased, but that increased amount of sales was due to advance in prices resulting from war conditions and not to any increased betterment of business. It clearly appears that a considerable part of the goods contracted for were never shipped, or, if shipped, were never received by the defendant, that the campaign was not put on in the manner and at the times specified in the contract, and there is evidence from which the jury was warranted in believing that the business of the defendant was injured rather than promoted by reason of the manufacturing com-

pany's failure to carry out its contract according to its terms.

Without attempting to recite the entire evidence, we are clearly of the opinion that there was sufficient evidence to sustain the jury's answer to question 2—that there was a failure of consideration as to the notes remaining unpaid and sued upon.   The trial court was therefore in error in setting aside the answer to question 2, and that part of the verdict should have been allowed to stand.   The plaintiff not being a holder in due course for value, and the defendant having established a valid defense to the notes, judgment should have gone accordingly.

*By the Court.*—Judgment reversed, with directions to dismiss the plaintiff's complaint.