**WALTER E. HELLER & COMPANY,**
Inc., a Delaware corporation,
Plaintiff,

v.

**MESA BUILDING PRODUCTS CO.,** a Colorado corporation, Arthur H. Friedman, Sol L. Gertz, William D. Friedman, Donald L. Pascoe, and Jack Rudolph, Defendants.

Civ. A. No. 8273.

United States District Court
D. Colorado.

Sept. 15, 1964.

Grant, Shafroth, Toll & McHendrie, Denver, Colo., for plaintiff.

Hellerstein & Hellerstein, Denver, Colo., for defendants.

DOYLE, District Judge.

This matter is before the Court on the plaintiff's motion for summary judgment on the first, second and third claims. The original motion has been limited by plaintiff to the request that plaintiff be declared a holder in due course of three notes which are the basis of plaintiff's first, second and third claims for relief.

The notes in question were executed on June 11, 1962 in the amounts of Thirteen Thousand One Hundred Sixty-one Dollars and Ten Cents ($13,161.10); Thirteen Thousand One Hundred Sixty-one Dollars ($13,161.00), and Thirteen Thousand One Hundred Sixty-one Dollars ($13,161.00). The notes were to mature on August 14, 1962, October 14, 1962, and November 14, 1962. They were delivered by defendant to the payee, that is, Rogers Industries, Inc. The signatures of the individual defendants, Arthur H. Friedman, Sol L. Gertz, William D. Friedman, Donald L. Pascoe, and Jack Rudolph, appear on the face of each instrument.

Each note bears the following endorsement:

"PAY ANY BANK OR BANKER
all prior
30      endorsements      30
guaranteed.
ROGER INDUSTRIES, INC."

It would appear that this endorsement was designed by the plaintiff and that plaintiff furnished Rogers Industries with the rubber stamp. This was all part of the financing agreement which was entered into on or about May 22, 1962.

Plaintiff has submitted affidavits to show that the number "30" in the endorsement identifies it, Walter E. Heller & Company, and is its identification number with its bank, that is, The First National Bank of Chicago. From this and other facts plaintiff maintains that it is a holder in due course of the three notes.

■ It is axiomatic that in order for one to be a holder in due course he must first be a holder. Fink v. Scott, (1928) 105 W.Va. 523, 143 S.E. 305. A holder is defined in the negotiable instruments law (CRS '53, 95–4–2), as the "indorsee of a * * * note, who is in possession of it." Thus, the first inquiry is whether plaintiff can be a holder of the note in view of the form of the mentioned described endorsement.

There is a declaration in the Colorado statute relative to the endorsement "pay any bank or banker." See CRS '53, 14–18–5, which states:

"An endorsement 'pay any bank or banker' * * * shall be deemed a restrictive endorsement and shall indicate the creation of an agency relation in any subsequent bank to whom the paper is forwarded, unless coupled with words indicating the creation of a trustee relationship."

It is thus apparent that there are two kinds of restrictive endorsements recognized: one creates an agency and the other a trust. Inasmuch as plaintiff must establish that it is a holder it necessarily contends that the endorsement created a trustee relationship whereby plaintiff was the beneficiary of the trust and also a quasi indorsee. This, however, places plaintiff in the unhappy position of being a beneficiary. See CRS '53, 95–1–36(3) which defines a trust restrictive endorsement as one "which vests the title in the indorsee in trust for or to the use of some other person." Necessarily, the plaintiff is the "some other person" referred to in the statutory definition.

■■ We are aware of only one reported case on this particular subject, and that is Gulbranson-Dickinson Co. v. Hopkins (1919) 170 Wis. 326, 175 N.W. 93. There the plaintiff brought an action against the maker of certain notes which had been endorsed by the payee as follows: "Pay to the order of Iowa City State Bank, Iowa City, Iowa, for credit account of Gulbranson-Dickinson Company." In holding that the plaintiff was not a holder in due course, the Wisconsin court stated that the plaintiff "was not in any sense of the term an indorsee." The Wisconsin court indicated that the result might have been different had the

legal and equitable titles merged before maturity of the notes. This result could not be possible under Colorado law however. The finding that plaintiff here was not the indorsee leads to the conclusion that the plaintiff is not a holder; consequently, not a holder in due course. Moreover, under CRS '53, 95–1–36 the legal title vests in the indorsee. Plaintiff, therefore, can have no more than the beneficial or equitable title, and it is even doubtful, however, whether a trust was created since under CRS '53, 14–18–5 the use of the phrase "pay any bank or banker" creates an agency, "unless coupled with *words* indicating the creation of a trustee relationship." (Emphasis supplied). Therefore, it is doubtful whether plaintiff is even the beneficiary of a trust. If the endorsement created an agency the result for plaintiff is worse. The bank would be the agent of the payee and plaintiff would be a mere transferee entitled to an endorsement.

Both the plaintiff and defendant have cited a number of cases dealing with the use of numbers in connection with endorsements. These, however, are not numbers coupled with a restrictive endorsement and the decisions have to do only with the question whether numbers can suffice as endorsements. There is no evidence before the court to indicate that the number 30 was intended to transfer the legal title to the instrument to the plaintiff. It is the restrictive endorsement that is the predominant factor here. The legal consequence of this has been fully noted above. Plaintiff is neither the indorsee nor holder.

It should be added that there are some material issues of fact, such as the intent of Rogers Industries in using the number 30 in the endorsement. This alone would demand denial of the motion for summary judgment. Other issues, such as the existence of an agency between Plaintiff and Rogers Industries, the alleged payment of the notes by the defendants, or the alleged breach of the agreement with defendant by Rogers Industries in "negotiating" the notes, are not relevant to the disposition of this motion and, therefore, have not been considered. It is

Ordered that plaintiff's motion for summary judgment declaring it to be the holder in due course of each of the notes herein be, and the same is hereby denied.