# SUPREME COURT.

EDWARD T. MAGAURAN agt. CHARLES L. TIFFANY and another.

*Trust with respect to stock in a corporation — accounting by trustee — pleading.*

Where the plaintiff's complaint alleged that the defendants jointly agreed that each should hold in trust for plaintiff twenty shares of stock of a corporation, until the dividends which might be realized on the forty shares should amount to the price of the shares of the stock, and that one of the defendants sold the twenty shares held by him, in trust, to his codefendant:

*Held* (overruling demurrer to the complaint), that though not enough is shown to call upon defendant for a specific account, the action is proper to the extent of obtaining a judicial determination as to the existence of a trust with respect to the twenty shares which one defendant sold to the other, as with knowledge of the trust such defendant could not purchase to his own use these shares.

In the construction of pleadings regard must be had to the facts stated, and a pleading cannot be sustained upon implications, unless they necessarily follow from what has been alleged.

*Special Term, November,* 1881.

DEMURRER to complaint.

*Charles Miller,* for demurrer.

*Richard O' Gorman,* opposed.

VAN VORST, J. — I do not think that the demurrer of the defendant Tiffany is well taken. The plaintiff may not be entitled to all the relief he asks, but the prayer to the complaint is not a subject of demurrer. The question arises, under the issue of law — which concedes for the present purpose all the allegations of fact which the complaint alleges — is the plaintiff entitled to any relief?

The agreement with respect to the forty shares of stock is alleged to have been made with both defendants. They jointly agreed that each defendant should hold in trust for

the plaintiff twenty shares of stock until the dividends which might, from time to time, be realized or accrue on the forty shares, should amount to the price of the shares of stock.

That agreement has been violated by the defendant Reed, who has sold the twenty shares held by him in trust to his codefendant. With knowledge of the trust the defendant Tiffany could not purchase to his own use those shares. But the trust would attach to them in his hands. To the extent of obtaining a judicial determination as to the existence of a trust with respect to those twenty shares, the action is proper, and that disposes of the question raised by the demurrer adversely to the plaintiff.

Had the question turned exclusively upon the defendants' liability at this moment to render an account of dividends and profits, I should hesitate to say that enough was alleged to call for a specific account.

Undoubtedly persons standing in a trust relation, as these defendants do, can appropriately be asked for an account of dividends and profits which have accrued, the knowledge of which is presumably in their possession and not in the plaintiff's. But trustees are not to be vexed with unreasonable or unnecessary calls in this direction. It does not distinctly appear that they have never given or rendered statements of these dividends and profits. It is true that they have refused this last demand, but to justify the court in concluding that the refusal was unwarranted it should plainly appear that no account within a reasonable time had been previously rendered. It may be urged that there is an implication that no account or statement had been rendered before the last demand. No such implication necessarily arises from the allegations of the complaint.

In the construction of pleadings regard must be had to the facts stated, and a pleading cannot be sustained upon implications unless they of necessity follow from what has been alleged.

In addition to this the plaintiff, in substance, avers knowledge

of the amount of the dividends obtained through information which he believes to be true. He states in figures the amount, and it falls far short of the sum which would entitle him to the stock.

In view of this fact no practical use could be made of any further knowledge at this time as to the amount of the dividends under the conditions upon which the stock was to be held, and under which the plaintiff would be entitled to its actual possession.

For the reason first above assigned, however, there must be judgment for the plaintiff on the demurrer with liberty to the defendant to answer on payment of costs.