# THE

# New York Supplement.

## VOLUME 29.

(9 Misc. Rep. 57.)

### FAHR v. MANHATTAN RY. CO.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

1. NEGLIGENCE—PLEADING.
   In an .action for injury to the person, a complaint is bad in substance which omits to charge the defendant with a negligent act causing the injury, or which shows that negligence of the plaintiff concurs with negligence of the defendant in causing the injury.
2. SAME—BOARDING MOVING TRAIN.
   The voluntary boarding of an elevated railway train when in motion is an act of contributory negligence.
3. SAME—INVITATION TO INCUR PERIL.
   An invitation by the defendant is no excuse to the plaintiff for incurring a peril as obvious to him as to the defendant.

(Syllabus by the Court.)

Appeal from trial term.

Action by Heinrich Fahr against the Manhattan Railway Company for personal injuries. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

So much of the complaint as is material here follows: "Sixth. That, as the plaintiff was in the act of boarding said train as aforesaid, he succeeded in getting upon one of the platforms of one of the cars of said train, partially. That said car, at said platform, had a gate, as required by law. That, at the time when plaintiff so succeeded in getting upon said platform, said gate was open, and had not been closed. That, when he so got on, plaintiff believed. and he was under the impression, that said train had not yet started; but. as he has been informed since the happening of the injury hereinafter mentioned, and verily believes, said train had been started in motion directly before plaintiff stepped upon the platform of said car. Plaintiff, however, had no knowledge of any such motion when he so attempted to board said train. and he has no knowledge thereof now, excepting that he is informed thereof. and verily believes that the said train was so started in motion. That when he so got on there was no perceptible motion to the train, and plaintiff did not know, or was not in any way informed, that said train was either in motion. or that any signal had been given to cause it to move; but, on the contrary, when he so got on, he did so upon the invitation of the defendant, and upon the belief that said train was at a standstill. That, before plaintiff had an opportunity of fully getting upon said train, he was thrown therefrom, and dragged

along the defendant's platform on said station; and he was injured on the left side of his person, internally, and upon his left leg, externally, and was thereby prevented, and will thereby be prevented in the future, from devoting himself to his usual occupation, and he thereby suffered, and will thereby suffer, great pain in his body, and he was, and will be, put to expenses for medical aid and medicines,—in all, to his damage twenty thousand dollars. Seventh. That the plaintiff was injured solely by reason of the carelessness, negligence, and neglect of duty of defendant, and by reason of defendant's neglect in starting said car before such gate was closed."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Leopold Leo, for appellant.
Brainard Tolles, for respondent.

PRYOR, J. A complaint must contain a statement of the facts constituting the cause of action. Code, § 481. Though concise, it must still present every constituent of the right and the wrong on which the action proceeds. A requisite fact may appear by implication as well as by express allegation, but the intendment must be reasonable and fair (Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Marie v. Garrison, 83 N. Y. 14; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251); and a construction in favor of the plaintiff can be such only as the language requires (Bank v. Westcott, 118 N. Y. 468, 23 N. E. 900; Magauran v. Tiffany, 62 How. Pr. 251). The liberal construction of a pleading enjoined by the Code is applicable only to matters of form. The rule still is that an ambiguous averment must be taken against the party advancing it, and that the omission of an essential fact may not be supplied by inference. Clark v. Dillon, 97 N. Y. 370. Consistently with the prescribed canons for the construction of a pleading, it is impossible to collect from the complaint under criticism the essential elements of an actionable wrong; namely, negligence of the defendant, and absence of contributory negligence on the part of the plaintiff. Conceding negligence in starting the train before the gate was closed, manifestly that starting was not the cause of plaintiff's fall, for the train was already in motion when he boarded it. An act of negligence unconnected with the injury is necessarily harmless, but negligence and consequent injury must concur in the creation of a cause of action. The statute requires, further, that "the gate shall be kept closed while the car is in motion. Laws 1890, c. 565, § 139. Assuming negligence in leaving the gate open, and still it is not apparent that such negligence was the cause of the injury. But for the open gate, the plaintiff could not have boarded the car, and hence the open gate was a condition of the injury. It is not pretended, however, that the open gate was the cause of the injury. What was that cause? Upon this, the essential point, the complaint is silent; and we are unable, by any legitimate inference from its allegations, to ascertain the act of negligence on the part of the defendant that caused the plaintiff's injury. Speculation may suggest any one among innumerable facts of imagination as the immediate and responsible cause of the injury; but the law requires that cause

to be stated in the pleading, and not left to conjecture. Dobbins v. Brown, 119 N. Y. 189, 23 N. E. 537. That the motion of the car was the cause of his fall, the plaintiff omits, ex industria, to aver. Accepting, however, the motion of the car as the cause of the injury, then, as plaintiff boarded the car while in motion, he voluntarily subjected himself to the operation of the agency by which he suffered the hurt, and so his own negligence was a contributing cause of his injury. This conclusion the plaintiff seeks to avoid by the allegation that the motion of the car was so slight and slow as to be imperceptible. But, if the motion was so slight and slow as to be imperceptible, its energy must have been inadequate to the effect supposed; namely, throwing plaintiff down, and dragging him along the platform. On the other hand, were the velocity of the car sufficient for such result, then, either he observed the motion, and voluntarily incurred its hazards, or else omitted the exercise of the care and vigilance which the law exacted of him. Upon either supposition, his own negligence was a cause of his injury. Hunter v. Railroad Co., 126 N. Y. 18, 26 N. E. 958; Solomon v. Railroad Co., 103 N. Y. 437, 442, 9 N. E. 430; Phillips v. Railroad Co., 49 N. Y. 177. To escape the imputation of contributory negligence, plaintiff contends, further, that he was invited to board the moving train. But what of it? If the motion of the train was so faint as to be imperceptible by the plaintiff, it was equally imperceptible by the defendant; and the assurance of safety in boarding the car, implied by the invitation, was a prudent, not a negligent, act. On the other hand, if the velocity of the car was obvious and dangerous, no invitation to enter could justify the plaintiff in encountering the manifest peril. 1 Shear. & R. Neg. § 91. The dilemma it not to be eluded. If, upon the complaint, the motion of the train be not the apparent cause of plaintiff's injury, no actionable negligence is imputed to the defendant. If such motion be the alleged cause of plaintiff's injury, then the complaint shows the injury to be the effect of his contributory negligence. Upon either hypothesis the complaint was rightly dismissed. Judgment affirmed, with costs. All concur.