(10 Misc. Rep. 415.)

WESTCHESTER HARDWOOD CO. v. MANHATTAN ELECTRIC LIGHT CO., Limited.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

NEGLIGENCE—EVIDENCE.

When defendant's wagon, drawn by one horse, was about to pass plaintiff's horse, which was being led, one of the front wheels dropped into a hole in the street, causing the shafts to swing suddenly, and pierce the flank of plaintiff's horse. The wagon was in plain sight of the boy who led plaintiff's horse for a distance of half a block, and it did not appear that it was driven at a reckless rate. Held, that the evidence was not sufficient to show negligence on part of defendant.

Appeal from Seventh district court.

Action by the Westchester Hardwood Company against the Manhattan Electric Light Company, Limited, to recover damages for injuries received by plaintiff's horse in a collision with defendant's wagon. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Chandler P. Anderson, for appellant.
T. Clement Campbell, for respondent.

GIEGERICH, J. The injuries upon which this action is based were received by the plaintiff's horse while being led across the street by a 15 year old boy employed for that purpose. The defendant's wagon, drawn by a single horse, was coming up the street, and, when about to pass the horse which was being led, one of the front wheels dropped into a hole in the street caused by the

setting of that portion of the pavement. The result was that the shafts were swung suddenly about, and one of them pierced the flank of the horse to such a depth that he was ordered to be destroyed by his owner, the plaintiff. There is considerable conflict as to the rate of speed at which the wagon was being drawn. Some of the witnesses say at a slow trot, others at a rapid trot, and still others that it was at a run. It is undisputed, however, that the horse attached to it had been driven since 7 o'clock that morning (the accident happened about 2 o'clock in the afternoon) and had just made a trip of eight miles, and was drawing a load of copper wire weighing between 1,300 and 1,800 pounds. Upon the whole, we should be disposed to conclude from the evidence that the rate was not a reckless one. Moreover it is undisputed that the wagon was in plain sight for a distance of over half a block. This would have given the boy in charge ample time to lead the horse which was injured out of the track of the approaching wagon, had any danger of a collision been apprehended. The fact seems to be, however, that all concerned expected that the wagon would safely clear the horse, and such would have been the result had not the thills been unexpectedly swerved by the hole in the pavement. If this swerving was an occurrence that could not have been foreseen, there was no negligence, and the defendant is not responsible. If, on the other hand, it could have been foreseen and guarded against, it was as much the duty of the boy who was leading the plaintiff's horse to draw him further out of the course of the wagon as it was the duty of the defendant's driver to take precautions on his part. The condition of the street was equally patent to both. In short, if there was negligence, there was contributory negligence (Fahr v. Railway Co., 9 Misc. Rep. 57, 60, 29 N. Y. Supp. 1), and no recovery can be had. For these reasons, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.