ANDERSON v. McNULTY BROS. et al.

(Supreme Court, Appellate Division, Second Department.   March 15, 1912.)

1. PLEADING (§ 8*)—CONCLUSIONS—NEGLIGENCE.

A complaint, which states an act or omission causing an injury, with a general allegation that such act or omission was due to the defendant's negligence, states a cause of action, so that a complaint, which charged, that while the plaintiff was working in an elevator shaft, the scaffold or planking on which he was standing was struck violently by a heavy wooden joist that was allowed to and did drop from above the plaintiff "through and by reason of the fault, carelessness, and negligence of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the defendants, their agents, servants, and employés," causing injury to plaintiff, is not objectionable as averring a conclusion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

2. MASTER AND SERVANT (§ 330*)—INJURY TO THIRD PERSON—RES IPSA LOQUITUR—IDENTIFICATION OF WRONGDOER.

Where several different contractors were at work in a building under construction, injury to a person at work in an elevator shaft therein, caused by a falling joist, is not chargeable to any one of them, by evidence only of the fall of the joist.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

3. MASTER AND SERVANT (§ 330*)—INJURY TO THIRD PERSON—RES IPSA LOQUITUR—IDENTIFICATION OF WRONGDOER—EVIDENCE.

Evidence, in an action for injuries to a person, received while at work in an elevator shaft, from a falling joist, *held* to show that the fall of the joist was caused by the employés of one of several contractors engaged in constructing the building.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

4. MASTER AND SERVANT (§ 330*)—INJURY TO THIRD PERSON—RES IPSA LOQUITUR—BURDEN OF PROOF.

Where, in an action for injuries from a falling joist, the fall was shown to have been caused by a servant of the defendant, the burden is upon it to show that it was not negligent in connection with the fall.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

5. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where, in an action for injuries to a person received from a falling joist while on a scaffold in an elevator shaft, there was no regular custom shown as to the building of covers for scaffolds, whether the plaintiff was guilty of contributory negligence in failing to build a cover, was for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

Appeal from Trial Term, Kings County.

Action by James Anderson against McNulty Brothers and others. From a judgment for plaintiff for $12,800, and from an order denying a new trial, McNulty Brothers appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

G. Glenn Worden, for appellant.
Edward J. McCrossin, for respondent.

HIRSCHBERG, J. The action is to recover damages for personal injuries. The plaintiff, an iron worker, was seriously injured on April 15, 1910, while working in an elevator shaft in a building then in process of erection at 123 William street, in the borough of Manhattan. He was employed by the defendant Winslow Bros. Company; a corporation having the contract for certain parts of the iron work in the building. The appellant, McNulty Bros., had the contract for a certain portion of the plaster work. The defendant Thompson-Starrett Company was the general contractor. At the time of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

accident, the plaintiff was working on a scaffold at the sixth floor, in one of the elevator shafts. The accident was caused by a joist, or piece of timber, falling from some point in the shaft above that scaffold and striking and breaking one of its outriggers, thereby precipitating the plaintiff down the shaft. The complaint was dismissed as to the Thompson-Starrett Company, and the case was submitted to the jury on the plaintiff's claim against the other two defendants. The jury returned a verdict in favor of the Winslow Bros. Company and found against McNulty Bros.

[1] The appellant raises the preliminary objection that the complaint fails to state facts sufficient to constitute a cause of action against it, in that it only avers a legal conclusion of negligence. The complaint alleges that the appellant, McNulty Bros., is and was a domestic corporation engaged at the time in the performance of certain plastering work in said building, and that while the plaintiff was working in the elevator shaft in said building "the scaffold or planking on which he was standing was struck violently by a heavy wooden joist that was allowed to and did drop down and through said elevator shaft from above the plaintiff and from about the tenth floor of said building, through and by reason of the fault, carelessness, and negligence of the defendants, their agents, servants, and employés," thereby causing the scaffolding to give way and precipitating the plaintiff down the shaft. The pleader has alleged the specific fact upon which the appellant's negligence is predicated, namely, the dropping of the joist down the shaft, and has stated generally that the dropping of the joist was due to the negligence of the appellant, its agents, servants, and employés. Such a pleading clearly states sufficient facts to constitute a cause of action against the appellant. Oldfield v. N. Y. & Harlem R. Co., 14 N. Y. 310; Roblee v. Town of Indian Lake, 11 App. Div. 435, 42 N. Y. Supp. 326; Pagnillo v. Mack Paving & Con. Co., 142 App. Div. 491, 127 N. Y. Supp. 72.

The Pagnillo Case, supra, relied upon by the appellant, does not sustain his contention. There the complaint merely contained a general allegation of negligence, without stating any facts upon which said negligence was based, or which resulted from the negligence, and caused the injury complained of. The case, however, correctly states the rule that the complaint is sufficient if it states the act or omission causing the injury, with a general allegation that such act or omission was due to the defendant's negligence. In Fahr v. Manhattan Ry. Co., 9 Misc. Rep. 57, 29 N. Y. Supp. 1, also relied upon by the appellant, the allegations of the complaint affirmatively established contributory negligence.

[2] In cases such as the one at bar, it is well settled that there must be sufficient evidence of negligence, independent of the presumption caused by the falling of the object, to identify the wrongdoer. Wolf v. American Tract Soc., 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241.

[3] I think there was sufficient evidence in this instance to sustain the finding of the jury that the falling of the joist was caused by the appellant's employés. At the time of the accident there were two scaffolds in the elevator shaft, above the scaffold on which the plaintiff

was working. One was on the eighth floor and was being used by two employés of the plaintiff's employer, Winslow Bros. Company. It was directly above the plaintiff, but was not large enough to completely cover his scaffold. The other scaffold was on the tenth floor and had been used by the appellant's employés in connection with the plastering. It completely covered the shaft and was constructed of planks placed closely together, resting upon two joists. These joists were four by four and about nine feet long, and had a cleat at each end by which they were attached to I-beams on either side of the shaft. This scaffold was being removed at the time of the accident, pursuant to directions given by appellant's foreman in charge of the plasterers. The joist which caused the accident was identified as similar to those used in this scaffold and was found after the accident with planking and the plaintiff's body in the shaft. The scaffold itself had disappeared, although it was observed before the accident. These joists do not appear to have been used in this shaft by any one except the appellant and its employés. I think there was sufficient testimony to warrant the jury in finding that the joist which struck the plaintiff's scaffold was one of the joists that had been used in the appellant's scaffold.

[4] Such finding placed the burden upon appellant of showing that it had not been guilty of negligence in connection with the fall of the joist. O'Rourke v. Waite Co., 125 App. Div. 825, 110 N. Y. Supp. 170.

[5] The plaintiff was not guilty of contributory negligence, as matter of law, in neglecting to build a cover over his scaffold. The testimony shows that there was no regular custom in this respect, but that the matter was left to the judgment of the men. At the time of the accident, the plasterers were engaged merely in removing their scaffold. The small scaffold used by the other iron workers, on the eighth floor, was directly over the plaintiff's head, although it did not cover the outriggers of his scaffold. In the circumstances, it was for the jury to determine whether the plaintiff's failure to completely cover his scaffold constituted contributory negligence.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.