GEORGE A. LOSEE, Plaintiff, v. PARAMOUNT HOTEL CORPORATION and Another, Defendants.

Supreme Court, New York County, May 21, 1930.

*Gregory, Stewart & Montgomery* [*Milo O. Bennett* of counsel], for the plaintiff.

*John H. Scully* [*B. C. Loder* of counsel], for the defendant Paramount Hotel Corporation.

*Warren & MacIntyre* [*J. B. M. McNally* of counsel], for the defendant Micwiel Company.

UNTERMYER, J.   On January 9, 1928, the plaintiff, an employee of the A. B. See Elevator Company, was at work on a ladder, engaged in assembling an elevator at the bottom of the elevator shaft at the Hotel Piccadilly.   That hotel was owned by the defendant Paramount Hotel Corporation and was then under construction by a number of concerns, all of whom occupied towards the Paramount Hotel Corporation the relation of independent contractors.   Suddenly a plank, falling into the shaft from an upper floor, struck the plaintiff, threw him from the ladder on which he was at work and caused the fracture of several ribs and other minor injuries.

The defendant Micwiel Company was an independent contractor under contract to do the brickwork and other similar work in the construction of the Hotel Piccadilly.   On the day in question a force of its men were at work on the tenth and eleventh floors of the building in the vicinity of the elevator shaft into which the plank fell. The plaintiff testifies that immediately after the accident, which did not render him unconscious, he recognized the plank which had fallen as one of the planks belonging to the Micwiel Company by the initials " M. W." visible upon it.   He seeks to hold both the Micwiel Company and the Paramount Hotel Corporation — the Micwiel Company for the alleged negligence of its employees; the Paramount Hotel Corporation on the theory that it should have

exercised better supervision over the conduct of the work and because the guards or barriers which it provided at the elevator openings were not at least two feet from its edge, as required by section 196 of the Building Code of the city of New York.

In so far as the cause of action is asserted against the Paramount Hotel Corporation, I am of opinion that it is not sustained. The relation of the Micwiel Company to the Paramount Hotel Corporation was that of independent contractor for whose negligence the owner was not responsible (*Moore* v. *Wills, Inc.*, 250 N. Y. 426), and the circumstance that the owner retained limited power of supervision for the purpose of requiring the work to be done in accordance with the contract does not change the rule. (*Uppington* v. *City of New York*, 165 N. Y. 222.) I am further of opinion that the owner's failure to place the barriers at a distance of two feet from the shaft was not a proximate or contributing cause of the accident, since there is no reason, in the absence of evidence showing how the plank happened to fall, to suppose that this would not have occurred if the barrier had been further from the shaft. (*Egan* v. *Thompson-Starrett Co.*, 209 N. Y. 110.) The defendant Paramount Hotel Corporation is, therefore, entitled to a verdict in its favor.

The plaintiff, however, is entitled to recover against the Micwiel Company, even though there is no evidence of the manner in which the plank fell. The doctrine of *res ipsa loquitur* applies, and accordingly the falling of the plank constitutes *prima facie* evidence of negligence. (*Breen* v. *New York Cent. & H. R. R. R. Co.*, 109 N. Y. 297; *Griffen* v. *Manice*, 166 id. 188; *Connor* v. *Koch*, 89 App. Div. 33; *Morris* v. *Zimmerman*, 138 id. 114.) Of course, the defendant Micwiel Company is not liable unless it is identified as the author of the wrong (*Wolf* v. *American Tract Society*, 164 N. Y. 30), but I think this has been sufficiently, although perhaps not conclusively, done. The plank which struck the plaintiff belonged to the Micwiel Company. It is altogether clear that its employees were in a position to have dropped this plank in the way it fell, and it is sufficiently clear that it could not have been dropped by employees of other contractors on the premises. The facts thus established are sufficient to entitle the plaintiff to recover. (*Anderson* v. *McNulty Brothers*, 149 App. Div. 735; *O'Rourke* v. *Waite Co.*, 125 id. 825.) It is claimed that employees of other contractors used the planks of the Micwiel Company, but I am of opinion that none of them were in such close proximity to the shaft as to justify the conclusion that they dropped this plank. Although, of course, a remote possibility exists that some other person, not observed nor identified, allowed the plank to fall, I regard that possibility as too remote

to be substantial. The plaintiff's burden of identifying, by a preponderance of the evidence, the author of the wrong must be held to have been fully met, unless I should unduly magnify those uncertainties which are inherent in all human calculations.

As a result of the accident the plaintiff suffered a salary loss of $768, and incurred medical expenses of $140. Necessarily he suffered considerable pain in consequence of the injury. In my opinion the plaintiff is entitled to judgment against the Micwiel Company for the sum of $2,408.

I accordingly hereby direct a verdict in favor of the defendant Paramount Hotel Corporation, and a verdict in favor of the plaintiff against the defendant Micwiel Company for the sum of $2,408.