EDITH FRANK, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Queens County, February 16, 1943.

*Julius R. Oltarsh* for plaintiff.

*Thomas D. Thacher, Corporation Counsel* (*Charles Blandy* and *John MacLeod* of counsel), for defendant.

HOOLEY, J. In this case, tried by the court without a jury, the plaintiff seeks to recover for damages alleged to have been sustained by her because of the effect of vibrations from the subway of the city of New York upon her dwelling house and the personal property contained therein.

Of course, in the normal operation of subways and surface railways there always are some vibrations. But the law is well settled that before there may be any recovery therefor negligence in the operation or construction of the railway must be shown and that vibrations from a carefully operated railroad which produce damage to abutting property constitute *damnum absque injuria.* The Court of Appeals in the case of *Hearst* v. *N. Y. C. & H. R. R. R. Co.* (215 N. Y. 268, at 280), speaking of the operation of a railroad, said: " So long as the acts performed by it were not shown to be negligently done or to be outside the range of operations necessarily or reasonably incidental to the proper management of its road in the situation which lawfully existed respondent was immune from attack by neighboring property owners like appellant, even though they were disturbed. (*Richards* v. *Wash. Term. Co.,* 233 U. S 546.) "

In this case no negligence was shown. Plaintiff's witness, Fort, stated that he found a lack of transition curves and this was claimed to be improper construction and negligent operation, but upon all the evidence the court finds that transition curves were in use.

Furthermore, the court is unable to find that the vibrations from the operation of the subway produced the damage complained of by plaintiff. The plaintiff's dwelling house is more than one hundred feet away from the subway track. The instrumental tests, made by the accelerometer, a delicate machine used to measure vibrations, showed that the vibrations from the subway were negligible, being less than those created by a person walking in the rooms of the plaintiff's house.

With these considerations in mind, it becomes unnecessary to pass upon the questions as to the competency of the proof offered regarding the plaintiff's alleged damages, the sufficiency of her notice of claim, or the effect of her failure to testify more completely in regard to her claim before the Comptroller.

The complaint is dismissed.