Donald H. Mead, J.
Defendant appeals from a judgment rendered in the Justices’ Court of the Town of G-eddes, sitting as a Court of Special Sessions, on the 26th day of November, 1963, following his conviction after trial by jury of a violation of section 600 of the Vehicle and Traffic Law (leaving scene of accident without reporting). The defendant was fined the sum of $50 and his operator’s license was mandatorily revoked. Appellant, in his verified affidavit of errors, sets forth some 14 alleged errors. However, in the determination of this appeal it is only necessary to consider two of them as hereinafter set forth:
‘‘ 4. The defendant was arraigned before a verified information was filed with the Court, and the information containing the charge against the defendant was not read to the defendant at the time of the arraignment, and in fact, did not exist at the time of arraignment.
“ 5. The information charging the defendant with the crime aforesaid was based upon information and belief, and the affidavit forming the information and belief was not signed or verified until three days after the defendant was arraigned.”
The Magistrate, in his filed return, alleges the following:
“Attached hereto is the information deposition of Francis Joseph Delaney.
“Francis Joseph Delaney was arraigned by Trooper D. E. Brandstetter at 4:15 a.m. February 24,1963, on a uniform traffic ticket, No. 140714. At this time he was informed that this is a Court of Justice. Yon have been charged with the crime of leaving the scene of an accident at 2:05 a.m. on Be Noit Drive, Geddes. This crime is in violation of Section 600 of the Vehicle *784 & Traffic Law of New York State. It is a misdemeanor, and you have the right to have this charge presented to the Grand Jury, or disposed of in Justice Court. You also have the right to a Bill of Particulars.
“ A plea of guilty is the same as a conviction after trial. Not only are you liable to a fine, imprisonment, or both, but it is mantatory for me to revoke your license, and mail same to the Motor Vehicle Commissioner in Albany.
‘ ‘ Do you understand this charge ?
“ You also have the right to aid of counsel in every stage of these proceedings. You have a reasonable time to secure counsel. You have a right to a trial by jury before this Court, or you may please [sic] to this charge.
“ Q. Do you want a lawyer? A. Yes.
“ Bail will be One hundred fifty dollars ($150.00), and this Court reserves all your rights.”
Upon the trial, and before any proof was taken, defendant promptly moved to dismiss the information of New York State Police Officer D. E. Brandstetter, sworn to on February 24,1963, upon the grounds that it was insufficient at law since it was made upon information and belief and based upon a deposition of the complainant, Diane C. Rowell, which was sworn to on February 27, 1963, three days after defendant’s arraignment. This motion to dismiss was denied notwithstanding the fact that no application was made by the District Attorney to amend the information.
With reference to appellant’s claim that he was arraigned before a verified information was filed with the court and that no information was read to him upon arraignment, his contention appears to be conclusively established by the Magistrate’s return which alleges that defendant was arraigned on a Uniform Traffic Ticket No. 140714. In the case of People v. Scott (3 N Y 2d 148) our Court of Appeals has held that a uniform traffic ticket, even though it serves as a pleading only and not as the basis for a warrant of arrest, is not a sufficient information and may not be used as such since it is not verified. The Scott case is further authority for the proposition that absence of a verified information is a jurisdictional defect which may not be waived by a plea of guilty. In any event, there could be no claimed waiver in the case at bar since defendant moved promptly to dismiss before any proof was taken at the trial.
However, assuming, arguendo, that the alleged information laid by the arresting officer was read to defendant upon his arraignment, was it a sufficient information as a matter of law? We think not. The information of the police officer, which was *785 obviously intended as the basis for a warrant of arrest, was sworn to on February 24, 1963, the date of the alleged offense. There appears along the left margin thereof the following typed statement: “ This information is based upon information and belief. The source of my information and the grounds for my belief is the sworn statement of diane o. rowell, herewith attached, and my investigation of the accident, physical evidence at the scene and the verbal admittance of the defendant. Statement of diane c. rowell is attached hereto and made a part hereof.”
Attached to the information is the affidavit of the complainant, Diane C. Rowell, which was sworn to on February 27,1963, three days after defendant’s arraignment. In People v. James (4 N Y 2d 482, 485-486) Froessel, J., writing for the majority, stated:
“ We are here squarely presented with the question whether as a matter of policy we should hold that informations, when used solely as a pleading, should be sworn to by a person competent to testify as to the facts recited therein — a question we indicated to be ‘ open ’ in People v. Belcher, supra — or whether the information should be supported by depositions by such persons, or that at least the identifiable sources of such information and the grounds of such belief be stated.
“It is well-settled law that where an information is used as the basis for the issuance of a warrant of arrest or subpoenas, it is insufficient if it rests on information and belief without a statement of the sources of the information and grounds of the belief. Among the cases in our court taking this view are: People v. Lederle (309 N. Y. 866); People v. O’Neil (303 N. Y. 747); People v. Bertram (302 N. Y. 526); People v. Belcher, supra; People ex rel. Perkins v. Moss (187 N. Y. 410); People ex rel. Livingston v. Wyatt (186 N. Y. 383). The reasons for this rule are said to be that a reasonable guarantee of probable cause is required before interference with a person’s liberty, ensuing from the issuance of a warrant, is justified (People ex rel. Livingston v. Wyatt, supra, p. 392; see Matter of Blum, 9 Misc. 57; see, also, U. S. Const., 4th Arndt., and Civil Rights Law, § 8), and that such probable cause is not shown where the information is based solely on information and belief without a statement of the sources thereof and the grounds of belief.
“ In People v. Scott (3 N Y 2d 148), handed down after the County Court had decided the instant case, we dealt with a problem closely analogous to that presented here. There we were faced with the question of whether the same reasons of policy which required an information to be verified when used as the basis for the issuance of a warrant should be applicable *786 when the information was used as a pleading. We stated that they were. In our opinion the same considerations which led us to that conclusion in the Scott case should lead us to hold this information insufficient,
‘ ‘ If defendant is entitled to be protected against groundless criminal proceedings by assurance that the informant has reasonable grounds for his belief that defendant has committed a crime, and if it is believed that such protection is assured by requiring the information to contain ‘ legal evidence ’ of the commission of a crime (see People v. Belcher, 302 N.Y. 529, 534-535, supra: People v. Sorg, 3 Misc 2d 437), such protection should be afforded whether the prosecution is instituted by a warrant of arrest, an illegal arrest to which defendant consents, or even a voluntary appearance on the part of defendant.
“ In this sense, the information, whether used as the basis for issuance of a warrant or subpoenas, or only as a pleading, has a function in addition to informing defendant of the charge against him and barring subsequent prosecution for the same offense. It exposed this defendant to the necessity of procuring bail in default of which she would be imprisoned — ■ as indeed almost happened in this case. It is also the formal charge against defendant — the paper which institutes the prosecution against her. It is in this context that reasonable guarantees against baseless prosecutions not predicated on probable cause must be considered, and it is in that light that we believe the requirement that an information be based on competent legal evidence be observed, or that the information be supported by depositions, or that at least the sources of information and grounds of the belief be stated. It would be manifestly unjust to charge persons with crime on pure unidentifiable hearsay.”
Accordingly, since timely objection was taken to the sufficiency of the information at the very outset of the trial, the judgment appealed from should be reversed on the law, the information dismissed, the fine remitted and appellant’s license restored. Submit order in accordance with this memorandum.