LEONARD HORN et al., Respondents, *v.* STATE OF NEW YORK, Appellant. (Claim No. 43250.)

Third Department, March 11, 1969.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch and William McNulty* of counsel), for appellant.

*Peirez, Karmiol & Rosenthal (Melvin S. Barrish* of counsel), for respondents.

Cooke, J. This is an appeal from a judgment in favor of claimants, entered November 3, 1966, upon a decision of the Court of Claims, awarding $7,175 for damages to claimants' residence premises in Queens County. (51 Misc 2d 124.)

In a project designed to widen Grand Central Parkway, southerly of which was claimants' property, the State engaged Tully & Di Napoli, Inc. as the general contractor, the blasting work then having been subcontracted to another firm. The trial court has found that the damages to respondents' two-story brick and stucco home resulted from "blasting, concrete-breaking and pile driving negligently performed by the State's contractor, that it was an inherently dangerous operation for which the State remains liable".

Damages due solely to concussion — causing disturbances, jarring and vibration do not warrant a recovery unless it is demonstrated by a fair preponderance of the evidence that the work was performed in a negligent or improper manner (*Page* v. *Dempsey,* 184 N. Y. 245, 251-252; *Holland House Co.* v. *Baird,* 169 N. Y. 136, 142; *Booth* v. *Rome, Watertown & Ogdensburg Term. R. R. Co.,* 140 N. Y. 267, 274, 280; *Fagan* v. *Pathe Ind.,* 274 App. Div. 703, 708; *Harder Realty & Constr. Co.* v. *City of New York,* 64 N. Y. S. 2d 310, 316; *Frank* v. *City of New York,* 179 Misc. 895). As pointed out in *Thomas* v. *Hendrickson Bros.* (30 A D 2d 730), we have not overlooked the observations of Chief Judge Desmond in *Schlansky* v. *Augustus V. Riegel, Inc.* (9 N Y 2d 493, 496–497), a blasting case, but we consider we are bound by *Booth* (*supra*) and, if same is to be overruled, the announcement should come from the authoritative source and not in the form of interpretation or prediction by an intermediate appellate court (*MacGilfrey* v. *Hotaling,* 26 A D 2d 977, 978). Distinctively, too, in *Schlansky,* there was proof that more explo-

sive powder was used than was necessary, evidence not found here.

Proof of the blasting, concrete breaking and pile driving, as well as of damages, without evidence that the blasting, concrete breaking and pile driving were performed negligently in the light of the nature of the improvements and work being performed by the contractor under its contract with the State of New York and the accompanying circumstances, did not establish actionable negligence on the part of the contractor or the State (*Holland House Co.* v. *Baird,* 169 N. Y. 136, 140, *supra; Shemin* v. *City of New York,* 6 A D 2d 668, 671, app. dsmd. 7 N Y 2d 971).

Claimant's expert testified that the property damages " were caused by one of three possible causes; the use of a pile driver within a vicinity of 20 feet of the front of their home; use of an excessively large concrete breaker within 20 feet of their dwelling; and the breaking up of the concrete on Main Street, concrete bridge on Main Street, and its approaches, probably by the use of explosives ", but this went to the question of causation rather than negligence. He mentioned practices that could be employed to decrease vibrations in general, the record revealing the performance of some, but there was no showing that the expert's other suggestions were not adopted by the contractor, or someone on its behalf, or that following them would have resulted in less concussion and vibration than actually occurred and in no damage to claimants' property (cf. *Viele* v. *Mack Paving & Constr. Co.,* 144 App. Div. 694, 695). Expert opinion lacks probative force where the conclusions are contingent, speculative or merely possible (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323, 327).

The general rule is that a party who engages an independent contractor to do work is not liable for the latter's negligence in performance (*Berg* v. *Parsons,* 156 N. Y. 109, 112–113); one exception thereto being where a party interferes with the contractor's work or directs how a part of the work should be done and such interference or direction is a proximate cause of injury to others and another being when danger to others is inherent in the work and the party reasonably should have anticipated from the nature of the work that it would be dangerous to others (Restatement 2d, Torts, §§ 410, 414, 427; 1 P J I, pp. 429, 433). Testimony of Schiffman, who identified himself as supervisor of all State construction contracts in Queens without giving specifics of the supervision except to state that he was in charge of " overall inspection " and that he investigated complaints of damages to homes, did not establish interference with or con-

trol over the contractor's work, since the State could safely provide supervision to check on the progress of the work and not make itself liable for its contractor's negligence (*Matter of Beach* v. *Velzy,* 238 N. Y. 100, 104–105; *Uppington* v. *City of New York,* 165 N. Y. 222, 232–233; *Losee* v. *Paramount Hotel Corp.,* 137 Misc. 530, 532; 28 N. Y. Jur., Independent Contractors, § 19; cf. *Wallach* v. *United States,* 291 F. 2d 69, 70–71). Concrete breaking and pile driving are not inherently dangerous and the great weight of authority places blasting in the same category (*Berg* v. *Parsons,* 156 N. Y. 109, *supra; Herrington* v. *Village of Lansingburgh,* 110 N. Y. 145; *Hill* v. *Schneider,* 13 App. Div. 299; *Ryback* v. *Godwin Constr. Co.,* 28 Misc 2d 1060; *French* v. *Vix,* 2 Misc. 312, 316–318, affd. 143 N. Y. 90; 2B Warren, Negligence, p. 78; 28 N. Y. Jur., Independent Contractors, p. 133).

The judgment should be reversed, on the law and the facts, and the claim dismissed.

GIBSON, P. J., HERLIHY, REYNOLDS and STALEY, JR., JJ., concur.

Judgment reversed, on the law and the facts, and claim dismissed.