■ WILLIAM B. MURRAY, Appellant, v. HOFSTRA UNIVERSITY, Defendant and Third-Party Plaintiff-Appellant. SWITZER CONTRACTING CO., INC., et al., Third-Party Defendants-Respondents.— In a negligence action to recover damages for personal injuries, (1) plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered October 29, 1971, as is against him and in favor of defendant, upon the trial court's decision (a) setting aside a jury verdict in favor of plaintiff against defendant upon the issue of liability and (b) dismissing the complaint, and (2) defendant third-party plaintiff appeals from so much of the judgment as is against it and in favor of the third-party defendants, upon the trial court's decisions. Judgment affirmed insofar as appealed from, with costs to defendant against plaintiff and with one bill of costs jointly to the third-party defendants against defendant. Defendant, Hofstra College Corp., contracted with third-party defendant Switzer Contracting Co., Inc., to construct a parking field on property defendant had acquired in Old Westbury. Switzer engaged third-party defendant Deegan Bros. as the plumbing subcontractor to lay pipe and install a fire hydrant. For that purpose Switzer excavated a trench about 150 feet long, about 3 feet wide, at least 5 feet high on one side and about 7 feet high on the other. The walls were not shored. Defendant Hofstra had no control or direction of the work. On May 5, 1961 one of the sides of the trench collapsed, partially burying and injuring plaintiff, who was in the excavation performing his work as an employee of Deegan. He sought recourse against defendant Hofstra. The latter claimed over against Switzer and Deegan. The jury returned a verdict for plaintiff against Hofstra on the issue of liability, the third-party claims having been left with the trial court for determination. In its decision setting aside the verdict, the court determined that although the facts of this case fell within the purview of subdivision 6 of section 241 of the Labor Law as it existed at the time of the accident, the verdict had to be set aside because Hofstra had no control or supervision over the operations of either the general contractor or subcontractor. Section 241, as it read at the time of this accident, by its terms, applied to " All contractors and owners, when constructing or demolishing

buildings or doing any excavating in connection therewith." This record is devoid of any facts that this excavation was in connection with the construction, demolition, repair, renovation or alteration of any building. Thus, the case does not come within the purview of section 241 of the Labor Law (cf. *Kajowski* v. *Irvico Realty Corp.*, 37 A D 2d 991, mot. for lv. to app. den. 30 N Y 2d 481; *Ramos* v. *State of New York*, 34 A D 2d 1056). However, assuming *arguendo* that the excavation was within the intendment of the statute, nevertheless defendant Hofstra cannot be held to answer in damages absent any control, supervision or direction of the work by it (*Wright* v. *Belt Assoc.*, 14 N Y 2d 129; *Cangiano* v. *Lo Bosco & Son*, 23 A D 2d 860; *Campoli* v. *Endicott Constr. Servs.*, 21 A D 2d 947; *Naso* v. *Wates & Co.*, 21 A D 2d 679, affd. 15 N Y 2d 667; *Kajowski* v. *Irvico Realty Corp., supra*). Munder, Acting P. J., Martuscello, Shapiro, Gulotta and Brennan, JJ., concur.