■ VINCENT J. SCAVONE et al., Respondents, v. STATE UNIVERSITY CONSTRUCTION FUND et al., Respondents, and KENELMAN EDEN, JR., Doing Business as KENSCOTT CONSTRUCTION Co., Defendant and Third-Party Plaintiff-Appellant. JAMES McCULLAGH, INC., Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injuries, etc., defendant third-party plaintiff, Kenelman Eden, Jr., and third-party defendant, James McCullagh, Inc., appeal from an interlocutory judgment of the Supreme Court, Suffolk County, entered April 4, 1974, (1) in favor of (a) plaintiffs against defendant Eden and (b) Eden for recovery over against third-party defendant McCullagh to the extent of 70% of whatever amount for which Eden may be found liable to plaintiffs, on the issues of liability, upon jury verdicts, and (2) in favor of the other two defendants, upon the trial court's dismissal of the complaint at the end of plaintiffs' case. Interlocutory judgment affirmed, with one bill of costs jointly to respondents appearing separately and filing a separate brief against appellants jointly. Plaintiff Vincent J. Scavone was injured when a trench on the construction site of the Health Science Center at Stony Brook partially collapsed. The trench had been dug by defendant Eden by use of the backhoe which he owned. The third-party defendant, McCullagh, was the plumbing subcontractor for which the trench was dug; its employees, including Scavone, were engaged in the excavation process along with Eden. The evidence of negligence consisted primarily of testimony that the trench had not been properly tapered. Although there was strong proof to the contrary on this issue, the question was properly submitted to the jury. The jury, by a special verdict, found that Eden was an independent contractor and not an employee of McCullagh. It found that both Eden and McCullagh were negligent and apportioned liability at 30% for Eden and 70% for McCullagh. The finding that Eden was an independent contractor is faulted by both appellants. However, there was sufficient evidence upon which the jury could properly reach such a determination. Eden owned the backhoe and its control rested squarely with him. The jury could therefore have reasonably arrived at the conclusion that such ownership and control of the instrumentality established that Eden was an independent contractor. Eden also complains that the trial court charged rules of the Board of Standards and Appeals of the Department of Labor of the State of New York which were not in effect on the day of the accident. However, he did not preserve this issue for appeal since he took no exception to this aspect of the charge. In any event, the rules as charged

were more favorable to Eden's defense than were those in effect on the date of the accident. Eden further argues that the complaint should not have been dismissed, as against defendants State University Construction Fund, which had let out contracts for various phases of the work, and Bertrand Goldberg Associates, the architect. There is no merit to this argument, since the responsibility of an owner or general contractor does not include responsibility for an injury which arises through the negligent acts of a subcontractor occurring as a detail of his work (*Wright* v. *Belt Assoc.*, 14 N Y 2d 129, 134; *Persichilli* v. *Triborough Bridge & Tunnel Auth.*, 16 N Y 2d 136, 145; *Rusin* v. *Jackson Hgts. Shopping Center*, 27 N Y 2d 103, 107). The record is devoid of evidence that either of these defendants exercised any control over the work performed by McCullagh or Eden. Eden's final contention is that full indemnity should have been found in his favor against McCullagh since even the latter's witnesses had agreed that McCullagh's employees told the former when and where to dig. However, the evidence in this record permitted a jury finding that Eden had failed to taper the trench after being asked to do so by McCullagh's employees and despite his knowledge, constructive or actual, of the requirements of the trade. We do not reach the issue of whether Eden should be liable over to McCullagh as that issue was not raised on these appeals (but cf. *Kelly* v. *Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 N Y 2d 1). Latham, Acting P. J., Shapiro, Benjamin and Munder, JJ., concur.