■ Michael Wizenberg et al., Respondents, v James King & Son,

INC., et al., Appellants, et al., Defendant. JAMES KING & SON, INC., et al., Third-Party Plaintiffs-Appellants-Respondents, v J. J. FLANNERY, INC., Third-Party Defendant-Appellant. (And two other actions.)—Judgment, Supreme Court, New York County, entered January 21, 1974, in favor of the plaintiffs, after a jury trial, against defendants King and Telephone in the sum of $114,000 and $6,000, respectively, and in favor of King and Telephone against third-party defendant-appellant Flannery in the total sum of $90,300, unanimously reversed, on the law, and vacated and a new trial directed with $60 costs and disbursements to abide the event. Plaintiff was involved in demolition work on premises of the New York Telephone Company (Telephone). James King & Son, Inc. (King) was the general contractor and J. J. Flannery, Inc. (Flannery) was a subcontractor. The plaintiff, Michael Wizenberg, was an employee of Flannery. King co-ordinated the demolition work and, in addition, performed masonry work, including demolition of the walls and ceiling of the "old machine room" which was the site of the occurrence giving rise to this lawsuit. Wizenberg and a coworker, one Paterno, were removing ductwork from the machine room. At that time the walls and parts of the ceiling had already been demolished and there was debris on the floor, including plaster, lathe, pipes and chunks of red terra-cotta. The lower portion of the ductwork to be removed was suspended approximately 10 feet above the floor and the upper surface of the ducts was four inches beneath the 12-foot ceiling. The ducts were secured to the ceiling by straps. The portion of duct to be removed had been propped on one end by a piece of lumber being firmly wedged between the floor and the duct. After the supporting straps which had secured the duct to the ceiling were removed, the prop would then be knocked out and the duct section would fall to the floor. Wizenberg was at the stage requiring him to knock out the supporting plank when he tripped on debris and fell against the plank, causing the duct to fall on top of him. Wizenberg sued, *inter alia,* Telephone and King. Flannery was impleaded as a third-party defendant. The theory of recovery was based upon failure to provide a safe place to work (Labor Law, §§ 200, 241, subd 6). The court, in its charge to the jury, failed properly to establish the relationships among Telephone, King and Flannery. It does not appear from the evidence adduced that King was required to supply equipment to Flannery. Under these circumstances, it is questionable whether King or Telephone owed a duty to Wizenberg under the Labor Law (cf. *Duda v Rouse Constr. Corp.,* 32 NY2d 405), especially since there was no showing of an assumption of control over the subcontractor's method of performance by either King or Telephone *(Wright v Belt Assoc.* 14 NY2d 129; cf. *Murray v Hofstra Univ.,* 40 AD2d 1018, 1019, app dismd 32 NY2d 763). In the case at bar, the existence of much debris at the work site may have created a duty upon Flannery alone to arrange for the safety of its employees (cf. *Gasper v Ford Motor Co.,* 13 NY2d 104, 110). Since the charge to the jury failed adequately to outline the relationships of the parties and the scope of the responsibility, if any, owed by each defendant to plaintiff, a new trial is mandated. The order of this court entered on June 10, 1975, is vacated. Concur—Stevens, P. J., Markewich, Tilzer, Lane and Yesawich, JJ. [48 AD2d 785.]