■ OLD OAKS COUNTRY CLUB, Respondent, v STATE UNIVERSITY CONSTRUCTION FUND, Defendant and Third-Party Plaintiff-Appellant. YONKERS CONTRACTING CORP. et al., Third-Party Defendants.—In an action, *inter alia,* to enjoin the elimination of industrial wastes in certain waterways and for damages, defendant, State University Construction Fund (hereafter the Fund) appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County, entered June 21, 1978, as determined that it was responsible for the construction operations involved in this action, was obligated to remedy the resulting conditions and was obligated to plaintiff for damages sustained, whether brought about by it or by contractors engaged by it. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and action remanded to Special Term for further proceedings in accordance herewith. In order to create a college for the performing arts, the Fund acquired some 500 acres of land in Purchase, New York. This land was adjacent to the real property owned by plaintiff, Old Oaks Country Club. Starting in 1968, defendant hired a number of contractors to direct and control all landscaping and highway construction on the project. In 1975 plaintiff commenced the present action against the Fund for monetary damages and injunctive relief. Plaintiff alleged that the construction had caused industrial wastes to flow upon its property and had materially diverted the natural watercourse running through adjacent properties. At the trial, the Fund moved to dismiss the complaint upon the ground that it had delegated responsibility for construction of the project to various independent contractors. The court denied the

motion, stating that article 8-A of the Education Law does not relieve the Fund of its responsibility to run the project. Thereupon, the court determined that the Fund was liable for all damages incurred by the actions of any contractors or other parties working on the site. The Fund appeals from that portion of the resulting judgment which was entered upon this ruling. In our opinion, the trial court improperly imposed liability on the Fund for the actions of its contractors. It is well settled that, absent inherently dangerous activity, the responsibility of an owner or general contractor does not include responsibility for injuries which arise as a result of the negligent performance of work by subcontractors (see *Scavone v State Univ. Constr. Fund.,* 46 AD2d 895; *Horn v State of New York,* 31 AD2d 364). Consequently, the Fund can only be forced to answer in damages through a showing that it actually controlled, supervised or directed the construction work on the project (see *Murray v Hofstra Univ.,* 40 AD2d 1018). Accordingly, the action is remanded for a trial upon this issue. Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.